**Ex parte Barbara SEATON**

**No. 60760.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 9, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

Barbara Seaton was convicted of theft of a credit card for an act committed on November 28, 1973. Article 1555c of our former Penal Code provided:

"A person who takes a credit card from the person, possession, custody, or control of another without the cardholder's consent . . . is guilty of credit card theft."

The same article defines "cardholder" as:

"[T]he person or organization named on the face of a credit card to whom or for whose benefit the credit card is issued."

The indictment charged that Seaton did:

". . . knowingly take a credit card from the person, possession and custody and control of Linda Lusk without the consent of the said Linda Lusk."

There is no allegation concerning who the cardholder was and whether the taking was with or without his consent.

The convicting court, without holding a hearing, granted the writ and entered conclusions of law which, in part, state that the indictment is "fatally defective in that it does not appear that it alleges the essential elements of an offense against the laws of this State." The court recommended that relief be granted.

 An indictment which fails to allege all of the elements of an offense is void. *Ex parte Abbey*, 574 S.W.2d 104 (Tex.Cr.App.1978); *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976). It may be attacked for the first time by post-conviction writ of habeas corpus. *Ex parte Roberts*, 522 S.W.2d 461 (Tex.Cr.App.1975).

We agree with the district court that the indictment does not allege all the elements of an offense. Petitioner is entitled to the relief she seeks.

Relief is granted to petitioner; the indictment for theft of a credit card in Cause Number 19,216 is ordered dismissed.