## Ex parte Lou Ella McCLAIN.

### No. 67323.

Court of Criminal Appeals of Texas, En Banc.

Sept. 23, 1981.

## OPINION

DALLY, Judge.

This is a post-conviction habeas corpus proceeding. Art. 11.07, V.A.C.C.P. The Petitioner was convicted for violation of Art. 725b, V.A.P.C. (1925), under the following indictment which alleged that on or about January 13, 1972, the Petitioner:

"willfully, knowingly, and fraudulently pass[ed] as true to Wright Smith, pharmacist at the Lindale Pharmacy, Lindale, Texas, a false and forged instrument in

writing, to wit: a prescription, which had theretofore been made without lawful authority and with intent to defraud and was then and there of the tenor following: [copy of instrument omitted] and which said instrument in writing the said LOU ELLA McCLAIN then and there well knowing to be false and forged and she, the said LOU ELLA McCLAIN, did pass as true with the intent to injure and defraud, . . ."

 The Petitioner now seeks relief asserting that this indictment is fundamentally defective because it does not allege all of the elements of an offense. An indictment which fails to allege all of the elements of an offense is void. *Ex parte Seaton*, 580 S.W.2d 593 (Tex.Cr.App.1979); *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974), and may be attacked for the first time by post-conviction writ of habeas corpus. *Ex parte Seaton*, supra; *Ex parte Fontenot*, 550 S.W.2d 87 (Tex.Cr.App. 1977).

Art. 725b, V.A.P.C. (1925), under which Petitioner was convicted, provides, in pertinent part:

"Sec. 20. (1) No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of a narcotic drug, (a) by fraud, deceit, misrepresentation, or subterfuge; or (b) by the forgery or alteration of a prescription or of any written order; or (c) by the concealment of a material fact; or (d) by the use of a false name or the giving of a false address.

\*    \*    \*    \*    \*    \*

"(5) No person shall make or utter any false or forged prescription or false or forged written order."

 The indictment, which alleges that Petitioner knowingly passed as true a forged instrument, a prescription, the tenor of which was set out, knowing it to be forged, with the intent to injure and defraud, is sufficient to allege that Petitioner uttered a forged prescription as proscribed by Art. 725b, Sec. 20(5), supra, and alleges all that the State was required to prove.

Accordingly, Petitioner's collateral attack on the sufficiency of the indictment may not be sustained.

The remainder of the indictment, which was not quoted above, continues:

"and by so passing the said false instrument in writing the said LOU ELLA McCLAIN did unlawfully obtain from the said Wright Smith a narcotic drug, to-wit: Dilaudid;"

The Petitioner asserts that the indictment is void, since dilaudid, which is not named specifically as a narcotic drug in Art. 725b, V.A.P.C. (1925), is not sufficiently described in the indictment as a narcotic drug. Since the indictment alleges an offense under Art. 725b, Sec. 20(5), supra, we need not consider the Petitioner's argument which might have substance if the indictment only purported to allege an offense under Art. 725b, Sec. 20(1), supra.

The relief sought is denied.