Ex parte Morgan A. ROBERTS.

No. 67856.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 23, 1981.

Rehearing Denied Nov. 4, 1981.

Robert Huttash, State's Atty., Austin, for
the State.

## OPINION

DALLY, Judge.

This is a post-conviction habeas corpus proceeding, Art. 11.07, V.A.C.C.P., in which the petitioner asserts that his conviction is void because the indictment on which he was convicted is fundamentally defective.

The petitioner argues that the indictment attempts, but fails, to allege an offense under the provisions of Art. 725b, Sec. 20(1), V.A.P.C. (1925). The indictment in pertinent part alleges that the petitioner did on or about October 23, 1963:

"unlawfully attempt to obtain a narcotic drug, to-wit, diluadid pills, by fraud, deceit, and misrepresentation, and by willfully and fraudulently making a false prescription and written order in writing purporting to be the act of another, without lawful authority, and with the intent to injure and defraud, which false prescription and written order is to the tenor as follows:

FOR

ADDRESS

$R_x$
Diluadid ¹⁄₁₆ gr.

Disp 11
   XII

Take as directed

10–24–63

A. H. Neighbors M.D."

The argument is that " 'diluadid pills' are not specifically named within the statutory definition of a narcotic drug. Art. 725b, Sec. 1(14), V.A.P.C. 1925. Thus, the indictment fails to allege an essential element of the offense because it fails to sufficiently describe how or why 'diluadid pills' are a narcotic drug."

The facts presented and the argument made by the petitioner are essentially the same as those in *Ex parte McClain*, 623 S.W.2d 140 (Tex.Cr.App.1981). It is important to remember that the offense alleged in the indictment is securing a narcotic drug through fraud; the particular narcotic drug that petitioner was attempting to obtain is unimportant. *Ex parte McClain* controls the disposition of the petitioner's case and we hold here as we did there that the indictment sufficiently alleges an offense under the provisions of Art. 725b, Sec. 20(5), V.A.P.C. (1925); the collateral attack on the indictment is without merit and the relief sought will be denied. *Ex parte McClain*, supra.

It is so ordered.

CLINTON, Judge, concurring.

Though the majority opinion does not say so, it seems obvious from the quoted argument of the petitioner that he is relying on the general rule enunciated in *Ex parte Wilson*, 588 S.W.2d 905, 908–909 [1] (Tex.Cr. App.1979), and applied to an indictment purporting to allege an offense under the Controlled Substances Act, Article 4476–15, § 4.09(a)(3),[2] V.A.C.S., in *Ex parte Holbrook*, 609 S.W.2d 541, 542–543 [3] (Tex.Cr. App.1980).

---

1. "To state the rule generally, we hold that in a prosecution under the Controlled Substances Act for the *manufacture, delivery, or possession* of a substance not specifically named in a penalty but which is otherwise described in a penalty group . . . , such description is an essential element of the offense which must be alleged in the indictment in order to state an offense. The same rule applies to prosecutions under the Dangerous Drugs Act involving a drug not specifically named in Sec. 2(a) but which is otherwise described therein . . ." (All emphasis throughout is mine unless otherwise indicated.)

2. That provision of what is hereafter called the Act declares it unlawful for any person knowingly or intentionally:

   (3) to acquire, obtain, or attempt to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge;

Thus, it is similar in terms to former Article 725b, § 20(1), V.A.P.C. (1925).

3. Rejecting a different contention by the State that the indictment alleging an attempt to obtain "a controlled substance, namely: Preludin," the Court expressly relied on "the reasons stated in *Ex parte Wilson*," supra, and the "same principle" in *Morrell v. State*, 598 S.W.2d 298 (Tex.Cr.App.1980)—an indictment

However, for much the same reasons we found sufficient the second similar indictment in *Ex parte Holbrook*, supra, at 543–545, I agree with the reminder in the majority opinion in the case at bar that "the offense alleged in the indictment is securing a narcotic drug through fraud; the particular drug that petitioner was attempting to obtain is unimportant." The consequence of such rationale, then, is that the general rule of *Wilson*, supra, and see note 1 in the margin below, is simply not applicable, and we were in error in applying it to the first indictment we set aside in *Holbrook*. Accordingly, that finding in *Holbrook* should be overruled.[4]

Therefore, it is on that basis that I concur in the order of the Court; we need not strain to reach Section 20(5)[5] when it is clear that the scrivener of the indictment did have such provision in mind.

alleging delivery of "a controlled substance, namely: Tuinal"—and found that the indictment against Holbrook "should have alleged what facts must be proved about Preludin that make it a controlled substance, and the failure to do so rendered the indictment fundamentally defective."

**4.** Concentrating on the State's contention that "as a commercial name for phenmetrazine hydrochloride, a salt of phenmetrazine," which is

named in the Act, Preludin was thereby included, we looked away from the gravamen of the offense and fell into error.

**5.** "(5) No person shall make or utter any false or forged prescription or false or forged written order."

By the same token, then, *Ex parte McClain*, 623 S.W.2d 140 (Tex.Cr.App.1981), is not controlling.