Mark P. McELROY, Jr. Appellant,

v.

The STATE of Texas, Appellee.

No. 354–84.

Court of Criminal Appeals of Texas, En Banc.

Sept. 17, 1986.

Randy Taylor, J. Thomas Sullivan, Dallas, for appellant.

Henry Wade, Dist. Atty. & Karen Chilton Beverly, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Mark P. Mc Elroy, hereinafter referred to as the appellant, was convicted by a jury of violating the provisions of Art. 5472e, V.A.C.S., which was a trust type statute enacted to regulate a specific type of conduct on the part of contractors and subcontractors rather than to prohibit conduct in general.[1] The Punishment assessed by the jury: 2½ years confinement in the Department of Corrections. After finding that the evidence was insufficient to sustain the conviction, a majority of the Dallas Court of Appeals reversed the trial court's judgment of conviction and ordered the judgment reformed to reflect an acquittal. See *Mc Elroy v. State*, 667 S.W.2d 856 (Tex. App.—Dallas 1984). We affirm.

We granted the State's petition for discretionary review in order to consider which of the various views that were expressed by the various members of the

---

1. The statute was repealed effective January 1, 1984, and is now found in § 162.001 et seq. of the Property Code. Our research has yet to reveal any previous criminal prosecutions under the former statute, nor have we found where any person has been criminally prosecuted under the new statute.

court of appeals was the correct one. Five of the justices found that the evidence was insufficient to prove an intent to defraud by the appellant and also found that extraneous offense testimony should not have been admitted to prove intent; two justices found the statute itself unconstitutional; and three justices were of the opinion that the phrase "reasonable overhead expenses" that is found in the statute created an exception in the statute with seven justices concluding that the phrase constituted nothing more than a defense.

We first find that it is necessary for us to address what was the appellant's seventh ground of error, that the indictment fails to state an offense under Art. 5472e, supra, which the court of appeals did not expressly address.

■■■ To be a valid charging instrument, and to invoke the trial court's jurisdiction, an indictment must allege all essential and constituent elements of the offense sought to be charged, and a failure to do so will subject a conviction to attack either on direct appeal or by post-conviction habeas corpus. *Thompson v. State*, 697 S.W.2d 413 (Tex.Cr.App.1985); *Oliver v. State*, 692 S.W.2d 712 (Tex.Cr.App.1985); *Ex parte Seaton*, 580 S.W.2d 593 (Tex.Cr.App.1979). Thus, to be valid, an indictment must set forth in plain and intelligible words all the essential and constituent elements of the offense sought to be charged, and the charge must particularize the act complained of so that its identity cannot be mistaken, and, if convicted or acquitted, and same becomes final, the defendant can plead it in bar to a like prosecution. *Reeves v. State*, 144 Tex.Cr.R. 270, 162 S.W.2d 705 (Tex.Cr.App.1942). Furthermore, if an indictment fails to negate an exception to the offense, and such is required to be done under our law, the indictment has not alleged all of the elements of the offense and the court does not have jurisdiction of the case, i.e., the indictment is void and of no effect. *Labelle v. State*, 692 S.W.2d 102 (Tex.Cr.App.1985).

In pertinent part, the indictment in this cause alleges that the appellant "knowingly and intentionally, with intent to defraud, retain, use, disburse, misapply and otherwise divert trust funds having a value of over $250.00 held by said Defendant as Trustee under a construction contract for the improvement of specific real property, to-wit: 14260 Queens Chapel, Farmers Branch, Texas, without first fully paying and satisfying all obligations of the said Trustee to all artisans, laborers, mechanics, contractors, sub-contractors, and materialmen, to-wit: Gary Saleh, James Coker, and Walter Coker, incurred in connection with construction and improvements for which said funds were received." Saleh and the Cokers were employees of the appellant's construction company who were not fully paid for the work that they performed.

Art. 5472e, supra, is a two part statute. In pertinent part, the first section of the statute provides: "All moneys or funds paid to a contractor or subcontractor or any officer, director or agent thereof, under a construction contract for the improvement of specific real property in this state ... are hereby declared to be Trust Funds for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvement whatever upon such real property; *provided, however,* that moneys paid to a contractor or subcontractor ... may be used to pay reasonable overhead of said contractor or subcontractor, or owner, directly related to such construction contract." (Our emphasis.) Thus, under Section 1 of the statute, all moneys received under such circumstances become trust funds, and the trustee is allowed to spend the money only for two purposes, (1) to pay those who furnish material to him and those who assist him in carrying out the contract, and (2) to make payments for reasonable overhead expenses.

Section 2 of the statute provides: "Any Trustee, who shall, directly or indirectly, with intent to defraud, retain, use, disburse, misapply, or otherwise divert, any trust funds, or part thereof ... without

first fully paying and satisfying all obligations of the Trustee to all artisans, laborers, mechanics, contractors, subcontractors, or materialmen, incurred or to be incurred in connection with the construction and improvements, for which said funds were received, shall be deemed to have misapplied said Trust Funds ..." As easily seen, there is no express provision in Section 2 that would allow a contractor or subcontractor to expend any of the trust funds for reasonable overhead expenses.

A clear reading of the two sections together, however, makes it obvious to us that when the Legislature defined in Section 1 what was to constitute trust funds, and then placed in Section 2 a penalty for the wrongful use of those funds, because under Section 1 the contractor or subcontractor was permitted to expend trust funds to pay reasonable overhead expenses it did not intend to penalize the contractor or subcontractor who used the trust funds to pay reasonable overhead expenses, but made such an exception to the use of the trust funds. Otherwise, if a contractor or a subcontractor used any of the trust funds to pay reasonable overhead expenses, as he was permitted to do under Section 1, he would clearly be subject to the penalty stated in Section 2 if he did that which the law permitted him to do.

■ Therefore, as the use of trust funds for reasonable overhead expenses is an exception in the statute, it was necessary for the State to plead the exception in the indictment, and to prove that allegation during the appellant's trial.

In so holding, we acknowledge that we are not dealing with a penal code offense, but are, instead, dealing with a penal statute set out in the civil statutes. However, in *Threlkeld v. State*, 558 S.W.2d 472, 473 (Tex.Cr.App.1977), this Court pointed out the following: "[W]here a penal statute embraces an exception which is part of the statute itself, or the exception appears within the enacting clause of the law, it is necessary for the state to negate such an exception in the indictment." (Cases cited omitted.) V.T.C.A., Penal Code, Section 2.02(b), which provides when there will be an exception in a statute, simply codified the above earlier common law rule, which we will invoke and apply to this cause.

■ We find and hold that the indictment in this cause is void for failure to plead therein the exception in the statute, i.e., that the appellant did not use the trust funds he was accused of misapplying to pay reasonable overhead expenses.

We find that our holding that the statute provides for an exception that must be pled and proved is buttressed by the fact that when the Legislature enacted Section 162.-031 of the Property Code it expressly made the payment of reasonable overhead expenses an exception. "(a) *Except as provided by subsection (b)*, a trustee, who, with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all obligations incurred by the trustee to the beneficiaries of the trust funds has misapplied the trust funds. (Our emphasis.) (b) A trustee may use trust funds to pay the trustee's reasonable overhead expenses that are directly related to the construction or repair of the improvement."

Therefore, because the indictment failed to negate the reasonable overhead expense exception to the offense, it did not allege all of the elements of the offense, and was thus void, depriving the trial court of jurisdiction over the case. Cf. *Labelle v. State*, supra, at page 105.

We therefore find ourselves in agreement with the conclusion reached by Justice Storey, who wrote the majority opinion for the court of appeals, who was joined therein by Justices Allen and Carver, that the statute did provide for an exception, which must be pled and proved.

We hold that the indictment was null and void for failure to state an offense.

Given the fact that the question of the sufficiency of the evidence was raised on appeal, and answered favorably to the appellant by the court of appeals, because of the Double Jeopardy Clauses and this Court's opinion of *Foster v. State*, 635

S.W.2d 710 (Tex.Cr.App.1982) (Opinion on appellant's motion for rehearing), we now turn to address that issue.

■ We also find ourselves in agreement with Justice Storey and those justices who agreed with him that the State failed to prove that the appellant did *not* use the trust money for reasonable overhead expenses.

The facts adduced are rather simple. On September 28, 1978, William and Billie Cox entered into a contract with the appellant, then doing business as Mark Mc Elroy Construction Company, to remodel the Cox residence, by adding a room to the residence. The contract provided for the Coxes to pay the appellant $17,437.00, which sum of money was to be paid in four installments as the work progressed, i.e., the Coxes were to initially pay 25% down, which they did, and then when the frame work was completed they would pay $4,359, which they did, and then when the roof was completed they would pay another $4,359, which they did, and then when the brickwork was completed they would pay $2,016, which they did, and then when the job was completed they would pay the final $1,743. The work was to be completed shortly before Christmas. The job, though it commenced, was never completed. In fact, as the dissenting opinions of Justices Guillot and Sparling point out, the evidence reflects that the job was done in an unsupervised and in a shabby, unworkmanlike manner.

As to the requirement that the State prove that the appellant did *not* use the trust funds he was accused of misapplying for reasonable overhead expenses, or for materials or labor that pertained to the job, Justice Storey of the court of appeals concluded: "The State did not prove that the appellant allocated his overhead expenses in an unreasonable manner ... In fact, the State did not prove which payments were made for materials, for labor, and for overhead expenses, respectively, and did not prove which payments came out of the Coxes' installments rather than from some other source. We hold, therefore, that the

State failed to sustain its burden of proving that the checks offered were not overhead expenses related to this project." (865). We agree with Justice Storey's conclusions.

The undisputed and unrefuted evidence reflects that the appellant used the trust funds to purchase materials and pay wages on the project, as well as using the trust funds to pay for reasonable overhead expenses. Although the above employees did in fact receive "insufficient fund" checks from the appellant for the work they had done on the job, the evidence also reflects that they actually received partial payment for the work they had done on the Cox contract. Furthermore, as Justice Storey pointed out: "It is unclear from the record whether the dishonored checks were payment solely for work on the Coxes' house [or whether they were payment for that work as well as other work they were then doing for Mc Elroy]."

The State and some of the justices on the court of appeals are correct when they assert that the holding of the court of appeals requires that the State, in order to prove its case under the statute, must trace *all* trust funds received and spent by the defendant to show that the sums of money went to other than labor, materials, or reasonable overhead expenses related to the job.

Justice Storey also pointed out that the State "did not show the balance of the payroll account when the project began"; "did not trace the source of funds ... to uses other than the Cox project"; "did not show the purpose or disposition of the proceeds of the checks that it claimed to be diversions or misapplications of funds"; "The State did not bring in the payees ... to show what was done with the proceeds of [the] checks [that might have established that the money went for personal purchases, rather than for expenses related to the business]."

Although Justice Storey found that the evidence was insufficient to sustain the State's burden to prove that the appellant misapplied the trust funds "with intent to defraud," because we find, as he did, that

the evidence is insufficient to establish that the trust funds the appellant allegedly misapplied were not used for reasonable overhead expenses, we need not decide whether Justice Storey or the justices who disagreed with him on the "intent to defraud" issue was correct.

The reason that we find the evidence is insufficient to establish that the State did not prove that the appellant did not use the allegedly misapplied trust funds for reasonable overhead expenses is because it did not trace the application of three checks payable to the telephone company, an apartment complex, and a liquor store, which could have easily shown that they either did or did not have anything to do with reasonable overhead expenses. In sum, the State did not show that the proceeds from the checks were not used for what the law permits the funds to be used, reasonable overhead expenses. The evidence is thus insufficient to establish that the appellant did not use the trust funds that he allegedly misapplied for reasonable overhead expenses, which the law permitted him to use the trust funds for.

Having found that the evidence is insufficient, the appellant is entitled to have the judgment reformed to reflect an acquittal, see *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), also see *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), which is what the court of appeals has ordered.

We affirm the judgment of the court of appeals.

Because we affirm the holding of the court of appeals that the evidence is insufficient, it is not necessary for us to discuss the constitutionality of the statute, which was addressed by at least two of the justices of the court of appeals. It is now well settled that the constitutionality of a statute will not be determined in any case unless such a determination is absolutely necessary to decide the case in which the issue is raised. *Smith v. State,* 658 S.W.2d 172, 174 (Tex.Cr.App.1983).

The court of appeals also split over whether the evidence that went to an extraneous construction project was admissible. Given our above holding that the evidence is insufficient, it is not necessary for us to decide today whether that evidence was admissible on the issue of the appellant's intent to misapply the trust funds that came from the Coxes.

TOM G. DAVIS, W.C. DAVIS, and MILLER, JJ., concur in the result.

ONION, Presiding Judge, concurring.

I agree the evidence is insufficient to sustain the conviction, and on that basis only, concur in the result that the judgment of the Court of Appeals be affirmed.

McCORMICK, J., joins this opinion.

CLINTON, Judge, concurring.

Although this cause is before us on *State's* petition for discretionary review, the opinion of the Court finds "it is *necessary* for us to address what was the *appellant's* seventh ground of error" in the Dallas Court of Appeals.* I object.

The review power and authority of this Court pertains solely to a decision of a court of appeals, and its jurisdiction is invoked by a petition for discretionary review filed by an aggrieved party. Article V, § 5; Articles 4.04, § 2, 44.01 and 44.45, V.A.C.C.P. Our concern is with the impact on existing law of the reason given by a court of appeals for its decision on one or more grounds of error. Article 44.24(c) and (d), *id.,* and Tex.R.App.Pro. Rules 200 and 202(d)(5).

When the court of appeals sustains a ground of error and reverses a judgment of conviction, the State may petition the Court to review that decision on its own motion. Article 44.01. supra; *Todd v. State,* 661 S.W.2d 116 (Tex.Cr.App.1983). However, only an appellant would be properly distressed that a court of appeals failed to address a particular ground of error, and he is entitled to file a petition within ten

---

* All emphasis is mine throughout unless otherwise indicated.

days after the State has timely filed its own. Tex.R.App.Pro. Rule 202(c). Even then this Court will not treat the merits of a ground of error not decided by the court of appeals. *Lambrecht v. State*, 681 S.W.2d 614, 616 (Tex.Cr.App.1984). We do not write advisory opinions. *Warren v. State*, 652 S.W.2d 779 (Tex.Cr.App.1983).

In the instant cause the majority informs that the Dallas Court of Appeals "did not expressly address" appellant's seventh ground of error. Appellant has not filed a petition for discretionary review nor in any other way attempted to raise the complaint that the indictment fails to allege an offense under Article 5472e, V.A.C.S. Nevertheless the majority would have the Court render an advisory opinion that the indictment is void "for failure to plead therein the exception in the statute, i.e., that the appellant did not use the trust funds he was accused of misapplying to pay reasonable overhead expenses." Slip Opinion, p. 4.

In my judgment the review power and authority of the Court has not been properly invoked with respect to appellant's seventh ground of error, and the majority causes the Court to abuse its sound judicial discretion in the premises.

Otherwise, though, I agree that the evidence is insufficient to support the judgment of conviction and, therefore, join the judgment of the Court.

CAMPBELL, J., joins this opinion