Martha Nell MUELLER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. C14–86–450–CR, A14–86–451–CR
and B14–86–452–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 25, 1987.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Frances M. Northcurr, Casey O'Brien, Asst. Dist. Attys., Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN JJ.

OPINION

DRAUGHN, Justice.

Appellant Martha Nell Mueller pled guilty to the offense of purchase of a child. She also pled true to the state's allegations in a motion to adjudicate guilt and a motion to revoke probation in two earlier offenses of credit card abuse. The court sentenced appellant to six years confinement for purchase of a child and four years confinement and six years confinement, respectively, for the two earlier offenses of credit card abuse. On appeal, appellant argues that the indictment is void because it fails to negate the exceptions to the offense. We agree.

To be a valid charging instrument and to invoke the trial court's jurisdiction, an indictment must allege all essential and constituent elements of the offense sought to be charged, and a failure to do so will subject a conviction to attack either on direct appeal or by post-conviction habeas

corpus. *McElroy v. State*, 720 S.W.2d 490, 492 (Tex.Crim.App.1986) (en banc); *Thompson v. State*, 697 S.W.2d 413, 415 (Tex. Crim.App.1985) (en banc). The negation of an exception to an offense is defined to be an element of the offense. *Labelle v. State*, 692 S.W.2d 102, 105 (Tex.Crim.App. 1985) (en banc); Tex.Penal Code Ann. § 1.07(a)(13)(D) (Vernon 1974); Tex.Penal Code Ann. § 2.02(b) (Vernon 1974). If an indictment fails to negate an exception to the offense, then the indictment has not alleged all of the elements of the offense and the court does not have jurisdiction of the case. *McElroy*, 720 S.W.2d at 492; *Labelle*, 692 S.W.2d at 105. An exception to an offense in this code is so labeled by the phrase: "It is an exception to the application of ...." Tex.Penal Code Ann. § 2.02(a) (Vernon 1974).

 In this case, the indictment provides:

Martha Nell Mueller hereafter styled the Defendant, heretofore on or about December 9, 1985, did then and there unlawfully offer to give, agree to give, or give a thing of value to Joseph Anthony Bridges, namely money, for acquiring or maintaining the possession of a child for the purpose of adoption.

Subsection (a)(2), the section under which appellant was indicted, provides:

A person commits an offense if he offers to give, agrees to give, or gives a thing of value to another for acquiring or maintaining the possession of a child for the purpose of adoption.

However, subsection (b) creates several exceptions to this provision. Subsection (b) provides:

It is an exception to the application of this section that the thing of value is:

(1) a fee paid to a child-placing agency as authorized by law;

(2) a fee paid to an attorney or physician for services rendered in the usual course of legal or medical practice; or

(3) a reimbursement of legal or medical expenses incurred by a person for the benefit of the child.

A reading of the two sections together makes it clear that the Legislature created several exceptions to its initial prohibition of exchanging something of value to acquire or maintain possession of a child for the purpose of adoption. Without the exception in subsection (b), all adoptions in which something of value is exchanged would be illegal. Because subsection (b) of section 25.06 is an exception to subsection (a)(2) as defined by section 2.02(a) of the Texas Penal Code, the state must plead the exception in the indictment and prove the allegation. *McElroy*, 720 S.W.2d at 493. Because the indictment failed to negate the exception listed in subsection (b), it did not allege all the elements of the offense and, therefore, is void. As a result, the trial court did not have jurisdiction over the case. Appellant's point of error is sustained and the cause is remanded to the trial court with instructions to dismiss the indictment in this cause.

 However, we affirm appellant's conviction on the motion to adjudicate guilt and the revocation of probation. The pleadings of a motion to revoke probation need not meet the requirements of an indictment. It is enough that the pleadings give the defendant fair notice of the allegations against him so that he may prepare a defense. *Peoples v. State*, 566 S.W.2d 640, 642 (Tex.Crim.App.1978). The motion to revoke probation and the motion to adjudicate guilt sufficiently apprised appellant of the offense. Appellant in turn entered a plea of true and stipulated to the evidence of the offense prior to the hearing but after proper admonishment from the court. Under these circumstances appellant may not now assert, for the first time an appeal, that the state's original motions to adjudicate guilt and to revoke probation stated no offense under the Penal Code. *Id.* We need not address appellant's other points of error in light of our disposition. The judgment is reversed and remanded and the trial court is instructed to dismiss the indictment as to the offense of purchase of a child. However, the orders adjudicating guilt and revoking probation for the prior offenses of credit card abuse are affirmed.