The STATE of Texas, Appellant,

v.

Jimmy MARTINEZ, and Robert E. Walk, Appellees.

Nos. 13–91–249–CR, 13–91–250–CR.

Court of Appeals of Texas, Corpus Christi.

April 16, 1992.

**366**

C.F. Moore, Jr., Beeville, Jennifer S. Riggs, Austin, for appellant.

Joel B. Johnson, Sinton, for appellees.

Before DORSEY, KENNEDY and GILBERTO HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

This case involves the Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Vernon Supp.1991). The trial judge quashed informations charging the appellees with violating the Act because the State failed to plead exceptions to the criminal conduct listed in the statute. The State of Texas, appellant, complains by one point of error that the trial court erred by granting the motions to quash because the State was not required to specifically plead and negate those matters the trial judge construed as exceptions to the criminal offense. We hold the informations adequately plead and negate any exceptions to the Open Meetings Act, and therefore properly allege this offense. We reverse the judgment of the trial court.

Martinez and Walk are County Commissioners in Bee County, Texas. They were charged with violating the Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Vernon Supp.1991). Their informations read in part,

> defendants, did then and there, while members of a governing body, namely: the Bee County Commissioner's Court, knowingly call and aid in calling a called meeting of the governing body, which

was closed to the public where a closed meeting was not permitted by the provisions of article 6252–17, Vernon's Annotated Texas Statute....

The informations also charged them with participating in the closed meeting without first giving public notice and convening in open session.

Martinez and Walk filed Motions to Quash the Informations, claiming principally that the informations failed to negate the numerous exceptions to the Open Meetings Act and were therefore defective. The trial court granted the motions on that ground, and the State appealed.

■ The purpose of the charging instrument is twofold: to provide the court with jurisdiction, and to inform the defendant of the offense with which he has been charged, thus enabling him to prepare his defense. The specificity with which the offense must be pleaded is governed by either common law, if the offense is a violation of a civil statute, or by the Texas Penal Code, if the offense is a penal code violation. Because appellees were charged with violating a civil statute, we apply the common law rule regarding pleading, proving and negating exceptions to offenses. *McElroy v. State*, 720 S.W.2d 490, 493 (Tex.Crim.App.1986). Texas common law dictates that a charging instrument must allege all essential elements of an offense. *McElroy*, 720 S.W.2d at 492; *Thompson v. State*, 697 S.W.2d 413, 415 (Tex.Crim.App. 1985). To adequately allege all elements, the instrument must negate every exception to the offense. *McElroy*,[1] 720 S.W.2d at 492; *LaBelle v. State*, 692 S.W.2d 102, 105 (Tex.Crim.App.1985).

■ Whether the complained-of informations comply with these requirements is the issue here. Martinez and Walk contend that every provision listed in § 2 of the Act is an exception to an offense under the Act

---

1. The precedential effect of *McElroy* in the matter of pleading exceptions to criminal conduct is questionable. Seven judges on the Court of Criminal Appeals concurred in ruling that a judgment of acquittal be entered because insufficient evidence existed to support the conviction. Only the writing judge and one other, who joined in the opinion, agreed on both the necessity of pleading exceptions to criminal conduct and whether the non-criminal conduct set out in the statute was truly an exception. Although the discussion of exceptions to criminal conduct was dicta at best, it is not a departure from established Texas law.

and therefore must be pleaded in their charging instruments. They argue that the Open Meetings Act requires all meetings of governmental bodies to remain open to the public and that §§ 2(b) through (t) permit closed meetings in certain circumstances, creating exceptions to the general rule that meetings must remain open. We do not agree that every provision in § 2 is an exception. Those that are exceptions were properly pleaded.

Section 1 of the Act defines applicable terms, and § 2 is the body, or application portion, of the Act. Section 1(c) defines "governmental bodies" covered by the Act and specifically includes every Commissioner's Court and City Council in the State. Section 2(a) provides:

> except as otherwise provided in this Act ..., every regular, special, or called meeting or session of every governmental body shall be open to the public; ... and no closed ... meeting or session of any governmental body for any of the purposes ... hereinafter authorized shall be held unless ... [it] has first been convened in open meeting or session for which notice has been given ... and during which open meeting or session the presiding officer has publicly announced that a closed or executive meeting or session will be held[,] and identified the section or sections under this Act authorizing the holding of such closed or executive sessions.

Sections 2(b) through (t) then follow with a barrage of twenty-one provisions. Whether these twenty-one provisions are exceptions to otherwise criminal conduct, and must therefore be pleaded in the charging instruments, is the issue. None expressly states that it is an exception to the Act. Although the Texas Supreme Court has called the provisions under § 2 "exceptions" to an offense under the Act, it was not using the term in the context of the sufficiency of criminal law pleadings. *See Cox Enters., Inc. v. Board of Trustees,* 706 S.W.2d 956, 958 (Tex.1986).

■ Several of the provisions in § 2 address procedural issues. These include § 2(c), which deals with witness exclusion during hearings, § 2(i) regarding the recording of public meetings, and § 2(*l*), which requires that all decisions be made in an open forum. Other provisions pertain to non-governmental entities: § 2(d) discusses grand juries, and § 2(n) addresses wholly-Federally-funded agencies. These provisions do not describe conduct that would otherwise be criminal if it were not specifically excepted from coverage under the Act. Therefore, these provisions are not exceptions to the criminal offense of violating the Open Meetings Act.

The balance of the provisions in § 2 expressly authorize closed meetings in certain circumstances. While the Act requires generally that all meetings be open to the public, it grants authority to close particular meetings, provided several prerequisites are met. These include: i) that public notice be given, ii) that a quorum of the members meet, and iii) that the meeting begin in open session before a public announcement is made that it will be closed. The authorized closed meetings listed in the Act may be construed as exceptions to an offense under the Act.

The State's informations sufficiently addressed and negated with specificity these exceptions. The wording of the State's informations, specifically that appellees called a meeting "which was closed to the public where a closed meeting was not permitted by the provisions of Article 6252–17," negates the notion that the meeting at issue here was a closed meeting authorized by § 2. The phrase, also used in the penal section of the Act, serves to address by implication all authorized meetings under the Act, which constitute exceptions to criminal conduct, without having to restate them in the penal section. However, should this portion of the informations fail to negate the "exceptions" specifically enough, two other sections of the instruments serve to negate the provisions of § 2.

First, the informations expressly state that the violations of the Open Meetings Act occurred during a County Commissioner's Court meeting. This negates §§ 2(h), (m) and (r), which deal with school boards

and the Education Code, § 2(*o* ) concerning meetings of medical boards, § 2(p) involving the Board of Pardons and Paroles, § 2(q) relating to the State Board of Insurance, and § 2(t) dealing with the Credit Union Commission. Section 2(s) remains blank. Therefore, because the informations specifically named a County Commissioner's Court as the governmental entity in which the violation occurred, all but five of the exclusions listed in § 2 are negated by this portion of the informations.

Moreover, in order to lawfully close any meeting under the authority of the Act, the governing body must follow a procedure. Posting notice, convening in an open meeting, and then publicly announcing the closing of the meeting, are required by the Act. The informations here expressly charged that "notice of the meeting had not been posted and that the body did not first convene in an open meeting then publicly announce that a closed meeting would be conducted." This portion of the charging instruments served to negate all remaining exceptions enumerated in § 2.

The charging instruments properly pleaded and negated all possible exceptions to the Open Meetings Act. The informations were therefore improperly quashed.

■ Pursuant to Tex.Code Crim.Proc. Ann. art. 44.01(a)(1) (Vernon Supp.1992), the State is entitled to appeal an order of a court in a criminal case if the order dismisses all or any part of an indictment, information or complaint. The State addressed its ability to appeal the orders quashing the informations in this case, contending the orders terminated the prosecutions. The State maintains that the charging instruments could not be amended, and therefore the orders quashing them effectively dismissed the informations. *See State v. Moreno,* 807 S.W.2d 327, 328 (Tex. Crim.App.1991); *State v. Eaves,* 786 S.W.2d 396, 398 (Tex.App.—Amarillo 1990), *aff'd* 800 S.W.2d 220, 224 (Tex.Crim.App. 1990); *State v. Hancox,* 762 S.W.2d 312, 314 (Tex.App.—Fort Worth 1988, pet. ref'd). Martinez and Walk, however, failed to contest the State's ability to appeal. Because the informations contained all mat-

ters necessary to allege an offense under the Open Meetings Act, they could not be amended. Therefore, the informations were effectively dismissed, affording the State the ability to appeal the orders to quash.

We sustain appellant's point of error. The judgments of the trial court are REVERSED and the causes REMANDED.

GILBERTO HINOJOSA, J., dissenting.

GILBERTO HINOJOSA, Justice, dissenting.

I respectfully dissent. I believe the information was defective because it did not allege all exceptions to the offense. Accordingly, I believe the information was properly dismissed by the District Court and would affirm.

The information provided in part that "defendant did ... knowingly call and aid in calling a called meeting of the governing body, which was closed to the public where a closed meeting was not permitted by the provisions of article 6252–17, Vernon's Annotated Texas Statute ..." The Supreme Court of Texas has rather clearly stated that the narrowly-drawn exceptions to this statute are enumerated in §§ 2(a), (e), (f), (g), (h), (j), (m), (n), (*o* ), and (p). *See Cox Enter. v. Board of Trustees,* 706 S.W.2d 956, 958 (Tex.1986).

The rule applied here is that the information must plead all elements of the offense, including exceptions to the statute. *McElroy v. State,* 720 S.W.2d 490, 492 (Tex. Crim.App.1986). The purpose of this rule is to "particularize the act complained of so that its identity cannot be mistaken ..." *McElroy,* 720 S.W.2d at 492.

Given the fact that the Supreme Court of Texas has stated that certain portions of the statute are exceptions, I believe they should be pleaded in the information as required by the rule in *McElroy.* Moreover, an examination of the information reveals that it merely alleges "where a closed meeting was not permitted by the provisions of article 6252–17...." This language is so vague and general that it does not provide adequate notice to the defendant.

The Code of Criminal Procedure provides that language in the indictment shall allege the crime in "ordinary and concise language" and in a manner to enable "a person of common understanding to know what is meant...." TEX.CODE CRIM.PROC. ANN. art. 21.11 (Vernon 1990). Ordinary language does not include references to statutes, and persons of common understanding do not understand the exceptions to the Open Meetings Act unless they read the statute. I believe the face of this information does not meet this minimum standard of intelligibility.

Texas case law also supports the proposition that more specific language is necessary in this information. For example, in *Benoit v. State*, 561 S.W.2d 810 (Tex.Crim. App.1977), the Court of Criminal Appeals wrote that the accused must be given enough information from the face of his indictment to prepare a defense. *Id.* at 813. The face of this information reveals a statutory reference. It does not allege facts negating every exception to the offense, or even the exceptions to the offense. I would hold that the statutory exceptions and facts negating these exceptions must be pleaded in order to provide the defendant with the specific facts required to prepare a defense.

Accordingly, I respectfully dissent.