IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-121-CR





JOHN ROBERT HOMANN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 88-005, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING



 





 John Robert Homann was convicted by the jury of misapplication of trust funds
under Section 162.031 (1) of the Property Code and was sentenced by the trial court to three years
in prison, probated for ten years. On appeal Homann asserts that the trial court erred by failing
to grant his motion for instructed verdict, failing to grant his motion to quash the indictment,
preventing him from asking a proper question to the jury during voir dire, and rendering a
decision contrary to the evidence. We will affirm the judgment of conviction. 


DISCUSSION


 The evidence revealed that Homann improperly used money from a trust created
by Doug Foster for the construction of Foster's house, making a number of transactions with trust
money for his personal benefit. Further, Homann lied to Foster about the state of certain accounts
and altered a check, after it had been processed by the bank, to make it appear as though the check
was written for expenses on the Foster house. 

1. Instructed Verdict

 Homann's first two contentions allege error by the trial court for refusing to grant
an instructed verdict. 

 In his first point of error, Homann asserts that the court should have granted his
motion for instructed verdict because the state failed to prove that he misapplied any trust money. 
The State responds that Homann waived this point because his contention on appeal differs from
that urged in the trial court. We agree that Homann's motion for instructed verdict did not
specifically assert that the state failed to prove that he misapplied trust money. However, counsel
did orally cite Johnson v. State, 783 S.W.2d 19 (Tex. App. 1989, pet. ref'd) in support of his
motion. Johnson, which involved a defendant prosecuted under a similar statute, holds that the
state must prove each element of a similar misappropriation statute beyond a reasonable doubt. 
Accordingly, we believe that Homann raised the issue of misapplication of funds with enough
specificity to avoid waiver, and we must analyze the legal sufficiency of the evidence. This test
requires this Court to view the evidence in the light most favorable to the verdict and determine
if any reasonable trier of fact could have found the essential elements of the alleged crime beyond
a reasonable doubt. Belyeu v. State, 791 S.W.2d 66, 68 (Tex. Crim. App. 1989), cert. denied,
111 S.Ct. 1337 (1990). 

 Homann contends that the jury based his conviction upon circumstantial evidence. 
He further asserts that a judgment based on circumstantial evidence cannot be sustained if the
circumstances do not exclude every other reasonable hypothesis except that of the guilt of the
defendant. Gentry v. State, 770 S.W.2d 780, 798 (Tex. Crim. App. 1988), cert. denied, 490
U.S. 1102 (1989). Homann again relies upon Johnson. There the court overturned the conviction
because the State failed to demonstrate that the money was improperly retained, used, disbursed,
or diverted in a manner inconsistent with the contract. Johnson, 783 S.W.2d at 21. To overcome
this burden, the courts require the state to trace the application of the trust funds by the accused
in order to prove he used the funds to pay for expenses unrelated to the construction project at
issue. McElroy v. State, 720 S.W.2d 490, 494 (Tex. Crim. App. 1986). 

 Unlike Johnson, here the state provided substantial evidence demonstrating that
Homann made just such unrelated expenditures. (2) The circumstantial evidence test is met if "the
conclusion of guilt is warranted by the combined and cumulative force of all the evidence." 
Ransom v. State, 789 S.W.2d 572, 577 (Tex. Crim. App. 1989). Finally, if any evidence exists
in the record which could be believed by the jury to support a verdict of guilty, an instructed
verdict would not be proper. Williams v. State, 680 S.W.2d 570, 575 (Tex. App. 1984), pet.
ref'd, 692 S.W.2d 100 (Tex. Crim. App. 1985). We overrule Homann's first point of error. 

 Homann's second point of error was clearly stated and preserved in his motion for
instructed verdict. Homann's counsel argued at trial and on appeal that the state failed to prove
that money spent by appellant was not spent on reasonable overhead expenses. To support this
position, Homann offers the test applied in the McElroy case requiring: 1) that with the intent to
defraud, the accused spent trust funds on other than labor and material for the contract; and 2) that
such funds were not spent on reasonable overhead of the contractor/trustee. McElroy, 667
S.W.2d at 861. 

 Again we are required to analyze the legal sufficiency of the evidence and again
we conclude the evidence is legally sufficient to support the jury finding. (see footnote 2). We
overrule Homann's second point of error.

2. Motion to Quash

 Homann contends in his third point of error that the trial court incorrectly denied
his motion to quash the indictment. He asserts that the indictment failed to give notice and thus
failed to provide him an opportunity to adequately prepare his defense. We disagree. An
indictment that tracks the language of the appropriate statute is generally held sufficient. Daniels
v. State, 754 S.W.2d 214, 218 (Tex. Crim. App. 1988). Additionally, the State is not required
to plead non-essential evidentiary facts to provide notice to the accused. Id. This holding
corresponds with art. 21.19 of the Texas Code of Criminal Procedure stating "an indictment shall
not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by
reason of any defect of form which does not prejudice the substantial rights of the defendant." 
Tex. Code Crim. Proc. Ann. art. 21.19 (1984). Finally, when the State grants informal discovery
of its file to the accused, as in this case, any notice defect is held to be harmless. See Klein v.
State, 737 S.W.2d 895, 898 (Tex. App. 1987, pet. ref'd). 

 Considering the manner in which the indictment tracked the statute and the
extensive discovered conducted by Homann, any error from lack of notice was at most harmless. 
We overrule Homann's third point of error.

3. Jury Question

 Homann's fourth complaint alleges that the trial court erred by not allowing him
to ask a vital, relevant and permissible jury question during voir dire. Counsel asked the
prospective jurors "if after the evidence has been heard the State has failed to convince you
individually beyond a reasonable doubt that all the elements have been proved, including the
element of intent to defraud, will you return a verdict of not-guilty?" This question, Homann
asserts, was necessary for his attorney to intelligently exercise his peremptory challenges.

 The State initially argues waiver. We disagree. Once a defendant poses the
specific question he seeks to ask the venire and the judge refuses to allow the question, the ruling
by the trial court amounts to a direct order not to ask the question. Nunfio v. State, 808 S.W.2d
482, 484 (Tex. Crim. App. 1991). When an appellant obtains a specific ruling as to a specific
question, this properly preserves the issue for review. Id. In the present cause, counsel attempted
three times to ask the question to the jury and each attempt received a sustained objection. Under
these circumstances, Homann has preserved error.

 The real issue is whether the trial court erred by disallowing the question. A
question that attempts to require the veniremen to commit themselves before trial as to how they
would consider testimony is an improper question. Harkey v. State, 785 S.W.2d 876, 878 (Tex.
App. 1990, no pet.). It is also "improper to inquire how a venireman would respond to particular
circumstances as presented in a hypothetical question." Allridge v. State, 762 S.W.2d 146, 164
(Tex. Crim. App. 1988) (citing Cuevas v. State, 742 S.W.2d 331, 336 n.6 (Tex. Crim. App.
1987)), cert. denied, 489 U.S. 1040 (1989). 

 This is exactly what occurred at trial. Counsel for Homann presented the potential
jurors with a hypothetical question based upon the particular facts of this case in an obvious
attempt to gain a commitment on that issue before they had heard the evidence. We conclude that
the trial court acted within its discretion by denying counsel the right to ask this improper
question. We overrule the fourth point of error.

4. Sufficiency 

 In his fifth point of error, Homann asks that this cause be reversed because the
evidence, when taken as a whole, was legally insufficient to establish intent to defraud. 

 The test for challenging the legal sufficiency of the evidence requires this Court to
view the evidence in the light most favorable to the verdict and determine if any reasonable trier
of fact could have found the essential elements beyond a reasonable doubt. Belyeu, 791 S.W.2d
at 68. The necessary intent to defraud may be established through direct or circumstantial
evidence. McElroy, 667 S.W.2d at 862. Additionally, the court may use the `exclusion of
reasonable hypothesis' test to analyze the sufficiency in circumstantial evidence cases. Ransom,
789 S.W.2d at 577 (citing Garrett v. State, 682 S.W.2d 301, 304 (Tex. Crim. App. 1984)). The
`exclusion' test requires the exclusion of every reasonable hypothesis raised by the evidence that
would tend to exculpate the accused. Id. The courts merely require, however, that "the
conclusion of guilt is warranted by the combined and cumulative force of all the evidence." 
Ransom, 789 S.W.2d at 577; Brandley v. State, 691 S.W.2d 699, 703 (Tex. Crim. App. 1985). 
 

 We hold that the evidence is legally sufficient and that the only reasonable inference
that can be drawn points to Homann's guilty. Considering all the evidence entered by the State
specifically tracing Homann's misapplication of funds in violation of the statute, we find the State
has met its burden of proof. We overrule Homann's fifth point of error. (3) 



CONCLUSION 


 We affirm the judgment of the trial court. 




 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: July 1, 1992

[Do Not Publish]
1. Tex. Prop. Code Ann. § 162.031(a) (Supp. 1992) provides: 


(a) A trustee who, intentionally or knowingly or with intent to defraud,
directly or indirectly retains, uses, disburses, or otherwise diverts trust
funds without first fully paying all obligations incurred by the trustee to
the beneficiaries of the trust funds has misapplied the trust funds.

 
2. The State introduced evidence that only $39,908.10 of the $56,025.14 drawn by Homann
could be linked to expenses for the Foster home. The state also entered direct evidence of two
specific `diversions'. 

 In the first diversion, the Ingram Readymix diversion, Homann incorrectly informed
Foster that Ingram had been paid for concrete, the falsity of which led to a lien on the Foster
home. Homann then showed Foster a business ledger indicating that check #1400 had been
used to pay Ingram. In fact, that check, written in the amount of $4,672.56, was issued to
Elgin Brick Company for bricks used upon Homann's own home. 

 The second diversion, the Wilson-Riggin diversion, involved Homann's issuance of a
check to Wilson-Riggin for $3,321.92 from a special account created solely for Foster house
expenses. The state presented evidence that Homann had a past due account with Wilson-Riggin for that exact amount, that the check was credited toward this debt and that Homann
altered the check, after it passed through the banking system, to denote a "Foster" expense. 

 The State introduced other direct evidence that demonstrated misapplication of the
funds in the Foster account by Homann in violation of the statute. 
3. We recognize that the Court of Criminal Appeals no longer maintains a distinction
between the standard of review in direct evidence and circumstantial evidence cases. Geesa v.
State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). That court held, however, that the
analytical construct rule was not to be applied retroactively, opting instead for "limited
prospectivity." Geesa, 820 S.W.2d at 164. As such, the "reasonable hypothesis of innocence
analytical construct" is still the proper standard of review for sufficiency of the evidence in
this case.