**Affirmed and Memorandum Opinion filed May 30, 2013.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-12-00426-CR**
**NO. 14-12-00427-CR**
**NO. 14-12-00428-CR**

**TYJUN ROBERT SELLS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Court Cause Nos. 18104, 20666 and 21194**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offenses of possession with intent to deliver a controlled substance of one gram or more but less than four grams (trial court cause no. 18104; appeal no. 14-12-00426-CR); manufacture/delivery of a controlled substance (trial court cause no. 20666; appeal no. 14-12-00427-CR); and possession with intent to deliver a controlled substance of four grams or more but less than 200 grams (trial court cause no. 21194; appeal no. 14-12-00428-CR).

In all three cases, the trial court deferred adjudicating guilt and placed appellant under community supervision for seven years. Subsequently, the State moved to adjudicate guilt. Following a hearing, the trial court found appellant had violated the terms of his community supervision, granted the motion to revoke, and sentenced appellant to confinement for ten years in trial court cause no. 18104, ten years in trial court cause no. 20666, and twenty-five years in trial court cause no. 21194, in the Institutional Division of the Texas Department of Criminal Justice. All sentences were ordered to run concurrently. Appellant filed a notice of appeal in all three cases.

In his first issue, appellant asserts that he was not fairly informed of the violation against which he was required to defend because paragraph "a" of the motion to adjudicate alleging "the violation of delivery of a controlled substance fails to specify which type or types of delivery." In the motion to adjudicate the State claimed appellant violated the condition of his community supervision that he commit no offense against the State of Texas in that he "committed the offense of Manufacturing/Delivery of Controlled Substance Pg 1 less than 1 gr , on or about the 19[th] Day of September, 2011 in Hardin County, State of Texas ."

Revocation is proper if the evidence supports the trial court's finding that the probationer committed an offense in violation of the condition of probation that he commit no offense against state or federal law. *See Pierce v. State*, 113 S.W.3d 431, 436-37 (Tex. App.—Texarkana 2003, pet. ref'd). It is not necessary that the pleadings of a motion to adjudicate meet the requirements of an indictment. *See Mueller v. State*, 735 S.W.2d 269, 270 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). It is enough that the pleadings give the defendant fair notice of the allegations against him so that he may prepare a defense. *Peoples v. State,* 566 S.W.2d 640, 642 (Tex.Crim.App.1978). *See also Bradley v. State*, 608 S.W.2d

652, 655 (Tex. Crim. App. 1980).

Appellant makes no argument or explanation as to how the failure to specify the method of delivery hampered his defense. We conclude that the motion sufficiently apprised appellant of the offense and gave him fair notice of the allegations.

Appellant also asserts that as a result of the lack of specificity, the trial court's jurisdiction was not invoked. A motion to adjudicate does not invoke the jurisdiction of the trial court. Rather, a trial court retains jurisdiction over a defendant that has been placed under community supervision pursuant to a deferred adjudication. *See Labelle v. State,* 692 S.W.2d 102, 105 (Tex. Crim. App. 1985). Appellant's first issue is overruled.

In his second issue, appellant asserts the evidence is insufficient to support the trial court's finding the allegation true because the State failed to introduce the controlled substance, cocaine, into evidence at the hearing. The State introduced evidence that the substance was cocaine and weighed 0.36 grams. Appellant cites no authority in support of his contention that failure to admit the actual cocaine into evidence renders the evidence insufficient. Appellant's second issue is overruled.

We hold the trial court did not abuse its discretion in finding true the allegation in the motion to adjudicate that appellant committed an offense against the State. It is therefore unnecessary to address appellant's remaining issues.

In each case, the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justices Hedges and Justices Frost and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).