SHAUB V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-103-CR

JAIME SAM SHAUB APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

A jury convicted Appellant Jaime Sam Shaub of driving while intoxicated (DWI), and the trial court sentenced him to 120 days in prison and a $650 fine, but suspended that sentence and placed him on two years’ community supervision.  On appeal, Appellant complains that the evidence at trial was legally and factually insufficient to support his conviction.  We affirm.

Lake Grapevine is located in Oak Grove Park, within the city limits of 

Grapevine.  Scott’s Landing, where the events of this case occurred, is a marina located on Lake Grapevine.  The record shows that people using the lake have access to various amenities at Scott’s Landing, including a boat dock, a boat ramp, and a combination grocery store and gas station.  In addition, a paved parking lot is located immediately adjacent to the marina’s boat ramp, although the record is not clear as to whether the marina lease includes the parking lot.

One afternoon while waiting to use the boat ramp at the marina, Mike Tanner noticed that Appellant was having trouble at the ramp loading his boat onto the boat trailer attached to his Jeep, and Tanner assisted him.  Tanner noticed that Appellant had an unsteady gait, smelled of alcohol, and had trouble standing up.  After successfully helping Appellant load the boat, Tanner saw Appellant get into his Jeep and drive the boat and trailer out of the water and then about fifty to seventy-five feet before disappearing around a corner.  Suspecting that Appellant was intoxicated, Tanner used his cell phone and called the police.

Paul Laywell, a park ranger for the U.S. Army Corps of Engineers Grapevine Lake, heard a police dispatch on his radio about a possible drunk driver at the marina.  Ranger Laywell arrived at the boat ramp area and saw Appellant parked in his Jeep in the parking lot adjacent to the boat ramp. Appellant was behind the steering wheel with his arms crossed around his head, and he appeared to be unconscious.  When Ranger Laywell roused Appellant, he notice that Appellant’s speech was extremely slurred, his eyes were bloodshot, and he smelled of alcohol.

Wan Lee, a Grapevine police officer, arrived at the scene and noticed the same physical indications of intoxication as had Tanner and Ranger Laywell.  Officer Lee administered the horizontal gaze nystagmus, the walk and turn, and the one-leg stand field sobriety tests, all of which Appellant failed.  Appellant admitted drinking several beers.  
In Officer Lee’s opinion, Appellant was intoxicated.
  Officer Lee arrested Appellant for public intoxication, and later at the police station, when Officer Lee learned that a witness had seen Appellant drive across the parking lot, Appellant was charged with driving while intoxicated.  Appellant was videotaped, refused to take a breathalyzer test, and later apologized to another officer for cursing while he was drunk.

Appellant was convicted of DWI.  A person commits the offense of DWI if the person operates a motor vehicle in a public place while intoxicated.  
See
 
Tex. Penal Code Ann.
 § 49.04(a) (Vernon Supp. 2003).  On appeal, Appellant contends that the evidence at trial was both legally and factually insufficient to support his conviction for DWI because the evidence was insufficient to prove that Scott’s Landing, the marina in which he drove, was a “public place.”

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether 

a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

The definition of a public place is cast in broad language.  
Perry v. State,
 991 S.W.2d 50, 51 (Tex. App.—Fort Worth 1998, pet. ref’d).  The penal code defines “public place” as the following:

any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops.

Tex. Penal Code Ann. 
§ 1.07(a)(40) (Vernon 1994).  The penal code’s list of specific areas that are public places is nonexclusive.  
In determining whether an area is a public place, the relevant inquiry is whether the public has access to it.
 
 
Loera v. State,
 14 S.W.3d 464, 467 (Tex. App.
—
Dallas 2000, no pet.); 
see also Perry,
 991 S.W.2d at 52.  Although the penal code does not define “access,” the term is commonly defined as ”’freedom of approach or communication; or the means, power, or opportunity of approaching, communicating, or passing to and from.’” 
Loera
, 14 S.W.3d at 467 (citing
 Black’s Law Dictionary
 13 (6th ed. 1990)).     

We hold that, in the instant case, the marina is a public place.  We agree with the State that the evidence before the trial court was sufficient for the jury to infer that the public has access to the marina and it therefore is a public place.  Besides Officer Lee’s and Ranger Laywell’s testimony that the marina is part of a public park, and Ranger Laywell’s testimony that the marina is a public place, the entire marina area appears to be accessible to anyone who wants to use it.  The marina has a grocery store and a gas station where the public may purchase fuel for cars and boats.  Both Appellant and Tanner were using the boat ramp, and apparently anyone who wanted to use it could do so. Tanner testified that he piloted his boat from the water into the marina’s dock area, and no evidence was adduced that the boat ramp was restricted to only certain individuals’ use.

After reviewing the evidence, we conclude that the evidence is both legally and factually sufficient to support the jury’s verdict.  A rational jury could have found from the facts and the reasonable inferences from those facts that the marina was a public place within the meaning of the statute. 
See McDuff,
 939 S.W.2d at 614; 
Johnson
, 23 S.W.3d at 9, 12
.

We affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

PUBLISH

[DELIVERED JANUARY 16, 2003]