

# NUMBER 13-13-00606-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSHUA JAMAL JENKINS,                                 **Appellant,**

**v.**

THE STATE OF TEXAS,                                      **Appellee.**

## On appeal from the 147th District Court of Travis County, Texas.

# OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Opinion by Justice Rodriguez

This is an appeal from a jury verdict finding appellant Joshua Jamal Jenkins guilty

of evading arrest with a vehicle.[1]  *See* TEX. PENAL CODE ANN. § 38.04 (West, Westlaw

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

through 2013 3d C.S.). Jenkins entered into an agreement with the State to assess punishment at ten years' imprisonment—the maximum sentence for a third-degree felony. *See id.* § 38.04(b)(2)(A). By two issues, Jenkins (1) challenges the sufficiency of the evidence and (2) urges that SB 1416, which amended Texas Penal Code section 38.04 by increasing the punishment for evading in a vehicle to a third-degree felony, violates the Texas Constitution's "single-subject rule." *See* TEX. CONST. art. III, § 35; *Ex parte Jones*, 440 S.W.3d 628, 637 (Tex. Crim. App. 2014). We affirm.

## I. BACKGROUND

Austin Police Department Sergeant Greg White testified that while on patrol in a marked police vehicle at 12:30 a.m. on December 23, 2012, in an area with "a lot of drug activity, auto thefts and violent crime," he noticed six to eight people standing around a Nissan Altima. The vehicle was at the curb line of the street at an apartment complex entrance. Sgt. White saw the people around the car look at him, talk to each other, and then walk away as his marked vehicle turned onto the street. The Altima then sped off. Sgt. White followed the vehicle. The Altima increased its distance from the patrol unit. Sgt. White observed the vehicle commit two traffic violations: speeding at 80 miles per hour in a 35-mile-per-hour zone; and passing a vehicle on the right in the bicycle lane. Sgt. White activated his emergency lights and siren, and when it became clear the Altima was not going to yield, he declared a pursuit to alert other officers.

While pursuing the Altima, Sgt. White observed the vehicle cross the double yellow line more than once, travel at a high rate of speed, and run several stop signs and red lights. Other police vehicles and a police helicopter joined the pursuit. The Altima finally

stopped, and the officers took Jenkins, the operator and sole occupant of the Altima, into custody.

## II. DISCUSSION

## A. Sufficiency of the Evidence

By his first issue, Jenkins contends that the State did not produce sufficient evidence that he was guilty of the offense of evading arrest or detention in a motor vehicle because it did not show that Sgt. White had a lawful basis to detain or arrest him. *See* TEX. PENAL CODE ANN. 38.04(b)(2)(A). He asserts that Sgt.White had no reason to follow his vehicle merely because the officer observed people disperse from a vehicle on the street at the entryway to an apartment complex parking lot and then saw the vehicle drive away. Jenkins argues that if this observation is insufficient for a lawful arrest or detention, then his conviction for evading arrest or detention in a vehicle fails because the evidence is insufficient to prove the "lawful arrest or detention" element of that offense. *See id.*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia.* 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we consider all of the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The jury is the sole judge of the credibility and weight to be attached to the testimony of witnesses. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. at 326). We presume that the jury resolved

3

any conflicting inferences in favor of the verdict, and we defer to that resolution. *Id.*

A person commits the third-degree felony offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him and uses a vehicle in flight. *See* TEX. PENAL CODE ANN. 38.04(b)(2)(A).

Jenkins's argument focuses on whether Sgt. White was justified in following the vehicle when it left the apartment complex. He argues that there was insufficient evidence to show that Sgt. White could have made a valid arrest or detention when he began following Jenkins's vehicle. Jenkins asserts that merely observing a vehicle drive away after people disperse from the vehicle does not permit a police officer to arrest or detain the driver of that vehicle. The State concedes that at the time Sgt. White first observed Jenkins, he lacked probable cause to detain or arrest him. But Jenkins further contends that "[t]he later observation of traffic violations by that vehicle does not cure the fact that at the moment Sgt. White first observed the vehicle, he had no lawful basis to arrest or detain Jenkins."

In this case, shortly after Sgt. White began following Jenkins, he observed Jenkins violate the law numerous times. Jenkins was speeding in excess of 80 miles per hour in multiple residential areas with posted speed limits of 35 miles an hour. Jenkins drove on the wrong side of the road. Only after observing these traffic violations did Sgt. White attempt to initiate a traffic stop.

Although Jenkins did nothing to justify stopping him when Sgt. White first saw him, the evidence shows that Jenkins then drove well over the speed limit, in the wrong lane,

4

and through stop signs and stop lights in view of the officer and in violation of the law. *See cf. Wehrenberg v. State*, 416 S.W.3d 458, 465–66 (Tex. Crim. App. 2013) (concluding that despite prior unlawful police conduct, evidence discovered and obtained pursuant to valid search warrant is not subject to suppression if police would have sought the warrant regardless of any observations made during the illegal entry) (citing *Segura v. United States*, 468 U.S. 796, 799 (1984)); *see also Roberts v. State*, No. 03-12-00194-CR, 2014 WL 1910428, at *1–2 (Tex. App.—Austin May 8, 2014, no pet.) (mem. op., not designated for publication) (determining that although appellant did nothing to justify stopping him when the officer first saw him, evidence that showed appellant drove by with his headlights off in plain view of the officer and in violation of the law provided sufficient evidence for the jury's conclusion that the officer had a lawful reason to stop the van and concluding that "the evidence plainly supports the finding that the driver of the van attempted to evade lawful detention or arrest"). The testimony at trial as to Jenkins's subsequent acts that were observed by Sgt. White supported the jury's conclusion that the officer had a lawful reason to stop Jenkins's vehicle.[2]   *See* TEX. PENAL CODE ANN. §

---

[2] In support of his argument, Jenkins relies on *Garcia v. State*, 43 S.W.3d 527, 528, 531–32 (Tex. Crim. App. 2001) (concluding that a small child looking back several times at a following police car did not give rise to a reasonable suspicion that the child was not wearing a seat belt and therefore there was insufficient evidence of reasonable suspicion to stop the vehicle based on the child's failure to wear a seat belt); *Hawkins v. State*, 758 S.W.2d 255, 260–61 (Tex. Crim. App. 1988) (en banc) (noting that there was no reasonable suspicion to detain an individual who was standing in the parking lot of a club at 8:30 p.m. and who was not wanting to be questioned by officers when neither officer had any information that the individual was involved in criminal activity and therefore concluding that the trial court erred in failing to grant the suppression motion); *Rodriguez v. State*, 578 S.W.2d 419, 420 (Tex. Crim. App. 1975) ("Stopping a pedestrian solely because he looks over his shoulder in the direction of a police car is unreasonable . . . . Any subsequent arrest arising out of the unlawful detention would likewise be unlawful, and therefore the evidence is insufficient to prove the lawful arrest element of the evading arrest conviction."); *Gamble v. State,* 8 S.W.3d 452, 453–54 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (concluding that an individual in a high drug sale area who was standing in the street at 3:00 a.m., watching the patrol car, and then walking away from it when it turned around did not give rise to reasonable suspicion to detain that individual and that his suppression motion should have been granted); and *Cook v. State*, 1

38.04(b)(2)(A); *see also Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001) (setting out that the State has the burden to show that the officer had an objective basis for the stop; subjective intent is irrelevant to the determination of reasonable suspicion); *Roberts*, 2014 WL 1910428, at *1–2.

We conclude that the evidence is sufficient to support the jury's finding that Jenkins intentionally fled from police officers who were attempting to lawfully arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A); *see also Roberts*, 2014 WL 1910428, at *1– 2. We overrule Jenkins's first issue.

## B.      Challenge to the Constitutionality of SB 1416 (82nd Leg. R.S. 2011)

By his second issue, Jenkins challenges the constitutionality of SB 1416, which amended Texas Penal Code section 38.04 by increasing the punishment for evading in a vehicle to a third-degree felony from a state jail felony on the basis that it violates the Texas Constitution's "single-subject rule." *See* TEX. CONST. art. III, § 35; *Ex parte Jones*,

---

S.W.3d 722, 724–25 (Tex. App.—El Paso 1999, no pet.) (determining that a man standing next to a female in a high crime area and flipping through something with his thumb like he was counting it, did not establish reasonable suspicion to detain that individual). We find Jenkins's authority distinguishable because Sgt. White did not rely on his initial observation of Jenkins driving away from the apartment complex after people saw the patrol car and dispersed from the vehicle as the basis for his arrest or detention of Jenkins. Instead, Sgt. White relied on his later observation of traffic violations as his objective, lawful basis for the stop. *See Garcia*, 43 S.W.3d at 530.

Finally, both the State and Jenkins rely on *Garza v. State*. *See* 13-12-00240-CR, 2013 WL 3378325, at *7, 10 (Tex. App.—Corpus Christi July 3, 2013, pet. ref'd) (mem. op., not designated for publication). But we conclude that *Garza* provides no support for either party because the facts and the issue in *Garza* are distinguishable from the relevant facts and issue in the present case. In *Garza,* the appellant was arrested and charged with possession of cocaine. *Id.* at *7. Garza contended that the officer violated his Fourth Amendment rights by conducting an unlawful detention. *Id.* It was his continued detention to await the arrival of the K-9 unit after the completion of the traffic stop investigation, absent reasonable suspicion of criminal activity, that Garza claimed violated his Fourth Amendment rights. *Id.* At the hearing on his motion to suppress, Garza's trial counsel stated that Garza was not challenging the validity of the initial stop. *Id.* at *7 n.8. This Court concluded that the trial court abused its discretion when it denied Garza's motion to suppress because the facts articulated by the officer would not warrant a person of reasonable caution to believe that the further detention of Garza was reasonable. *Id.* at *10.

6

440 S.W.3d at 637. However, Jenkins acknowledges in his reply brief that, after he filed his original brief, the Texas Court of Criminal Appeals addressed this issue and found SB 1416 to be constitutional. *See Ex parte Jones*, 440 S.W.3d at 630 (citing Enrolled Version of Senate Bill 1416, available at http://www.capitol.state.tx.us/tlodocs/ 82R/billtext/pdf/SB1416F.pdf.). The court of criminal appeals denied rehearing in *Ex parte Jones* on September 17, 2014. Because the decision of the court of criminal appeals in *Ex parte Jones* is adverse to Jenkins's argument, we overrule his second issue. *See id.*

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 29th
day of January, 2015.

7