

PD-1358&1359&1360&1361-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/25/2015 9:25:04 AM
Accepted 11/25/2015 11:37:04 AM
ABEL ACOSTA
CLERK



No. PD-1358-15
No. PD-1359-15
No. PD-1360-15
No. PD-1361-15

_____

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

_____

APPEAL FROM THE FOURTEENTH COURT OF APPEALS OF TEXAS
No. 14-14-00307-CR
No. 14-14-00308-CR
No. 14-14-00309-CR
No. 14-14-00310-CR

_____

## Eric Lynn Baumgart
*Appellant*

VERSUS

## The State of Texas
*Appellee*

_____

# PETITION FOR DISCRETIONARY REVIEW

_____

FILED IN
COURT OF CRIMINAL APPEALS

November 25, 2015

ABEL ACOSTA, CLERK

*Oral Arguments Requested*

Respectfully submitted by:

**Michael D. Gillespie**
Texas Bar Card No. 07926500
226 Sheldon Road
Channelview, Texas 77530
Tel. 281-457-9999
Fax. 281-457-0990
Email: 226sheldon@gmail.com

*Attorney for*:
Eric Lynn Baumgart
Appellant

## IDENTITY OF THE PARTIES AND COUNSEL

**Trial Court Judge:**            **Honorable Judge Jay W. Burnett**

**Appellant:**                  **Eric Lynn Baumgart**

Counsel for Appellant:     **Michael D. Gillespie**
Texas Bar Card No. 07926500

226 Sheldon Road
Channelview, Texas 77530
Tel. 281-457-9999
Fax. 281-457-0990
Email: 226sheldon@gmail.com

Counsel for Appellant:     **Michael D. Gillespie**
(*Court of Appeals*)      Texas Bar Card No. 07926500

226 Sheldon Road
Channelview, Texas 77530
Tel. 281-457-9999
Fax. 281-457-0990
Email: 226sheldon@gmail.com

**Renato Santos, Jr.**
Texas Bar Card No. 17646450
*Former court appointed attorney.*

3605 Katy Freeway, Suite 102
Houston, Texas 77007
Tel. 713-862-9631
Fax. 713-862-9647
Email: renato.santos3@att.net

*continued next page*

## IDENTITY OF THE PARTIES AND COUNSEL

Counsel for Appellant:    **Eric Lynn Baumgart**
(*Trial Court*)    *Pro se*

PO Box 613
Nome, Texas 77629
Tel. 409-338-1661
Fax. 281-457-0990
Email: eric.baumgart@texasinvestigations.us

**Michael D. Gillespie**
Texas Bar Card No. 07926500
*\*Co-counsel*.

226 Sheldon Road
Channelview, Texas 77530
Tel. 281-457-9999
Fax. 281-457-0990
Email: 226sheldon@gmail.com

Appellee:    **The State of Texas**

Counsel for Appellee:    **Lisa C. McMinn**
(*Final Appeal*)    Texas Bar Card No. 13803300

State Prosecuting Attorney
PO Box 13046
Austin, Texas 78711
Tel. 512-463-1660
Fax. 512-463-5724
Email: lisa.mcminn@spa.texas.gov

*continued next page*

## IDENTITY OF THE PARTIES AND COUNSEL

Counsel for Appellee:
(*Initial Appeal*)

**Alan K. Curry**
Texas Bar Card No. 05263700
**Daniel McCrory**
Texas Bar Card No. 13489950

District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002
Tel. 713-755-5826
Fax. 713-755-5809
Email: curry_alan@dao.hctx.net
Email: mccrory_daniel@dao.hctx.net

Counsel for Appellee:
(*Trial Court*)

**Thomas H. Carter III**
Texas Bar Card No. 24048387
**Lauren E. Byrne**
Texas Bar Card No. 24055242

District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002
Tel. 713-755-7077
Fax. 713-755-0173
Email: carter_heyward@dao.hctx.net
Email: byrne_lauren@dao.hctx.net

# TABLE OF CONTENTS

Page

Identity of the Parties and Counsel ……………………………………….. 2

Index of Authorities …………………………………………………… 7

    Cases ……………………………………………………….. 7

    Statutes …………………………………………………… 8

    Rules ..……………………………………………………… 10

    Legal Opinions …..………………………………………… 11

Statement Regarding Oral Argument …………………………………… 12

Statement of the Case …………………………………………………… 12

Statement of Procedural History …...…………………………………… 12

Grounds for Review ……………………………………………………... 13

Argument ………………………………………………………………... 13

    The Court of Appeals panel erred in holding that an exception to
the law does not need to be negated unless it is literally contained
in the section that defines the offense. …………………………….. 13

    The Court of Appeals panel erred by failing to resolve the
constitutionality of Section 1702.322 of the Texas Occupations
Code as it applies to peace officers. ……………………………… 16

    The Court of Appeals panel failed to address every issue *raised*
by Appellant to final disposition and this failure unjustly injured
Appellant's procedural rights. …………………………………….. 22

*continued next page*

# TABLE OF CONTENTS

Page

The Court of Appeals panel failed to address every issue *necessary* to final disposition of the appeal and this failure unjustly injured Appellant's procedural rights. …………………………………....    24

Prayer for Relief ……………………………………………………    25

Certificate of Compliance …………………………………………..    26

Certificate of Service ……………………………………………...    27

Appendix ……………………………………………………………    --

Opinion of the Appellate Court Panel (delivered on June 30, 2015) …………....……..…………………    A1

# INDEX OF AUTHORITIES

**Cases**                                                                      Page

*Carter v. State*, 656 S.W.2d 468 (Tex.Crim.App. 1983) …..............      24

*Clark v. State*, 665 S.W.2d 476, 482 (Tex.Crim.App. 1984)
   (*en banc*) ................................................................................      21

*Jenkins v. State*, 454 S.W.3d 713 (Tex.App.-Corpus
Christi (2015) …………………………………….………..…      23

*Kolender v. Lawson*, 461 U.S. 352, 357 (1983) …….………..…      21

*McClain v.State*, 14-97-00355-CR, 1997 WL 312309 (Tex.
App.-Houston [14[th] Dist.] June 12, 1997, pet. ref'd) ……….……..      22

*McMillian v. State*, Docket No. 14-11-00833-CR (Tex.App.-
   Houston [14[th] Dist.] 2012) (unpublished) ……………..……….      21

*Threlkeld v. State*, 558 S.W.3d 472 (Tex.Crim.App. 1977) …….      15

*continued next page*

# INDEX OF AUTHORITIES

**Statutes**                                                                 Page

Texas Code of Criminal Procedure

    Article 2.12 …………………………………….……...          20

Texas Labor Code

    Section 62.0515(c) ………………………….…………          20

Texas Occupations Code

    Section 1702.002 …………….…………………….……          20

    Section 1702.002(15) ……….………………….……          20

    Section 1702.102 ……….…………………….…..……          14

    Section 1702.108 ……….…………………….…..……          14

    Section 1702.321 …..……………………….…..……          14,15,16,17

    Section 1702.322 …..…………………………...…          14,15,16,17,19,20

    Section 1702.323 …..…………………………..…          14,15,16,17

    Section 1702.324 …..…………………………..………          14,15,16,17

    Section 1702.325 …..…………………………….…          14,15,16,17

    Section 1702.326 …..……………………………….…          14,15,16,17

*continued next page*

# INDEX OF AUTHORITIES

**Statutes**                                                                    Page

Texas Occupations Code

    Section 1702.327 …..………………………………………… 14,15,16,17

    Section 1702.328 …..…………………………………..…… 14,15,16,17

    Section 1702.329 …..………………………..………… 14,15,16,17

    Section 1702.330 …..………………………..………… 14,15,16,17

    Section 1702.331 …..………………………..………… 14,15,16,17

    Section 1702.332 ………..…..……………….………..… 14,15,16,17

Texas Penal Code

    Section 2.02 ………..……………………………………… 13,14

    Section 46.02 ………..……………………………………… 14

    Section 46.15 ………..……………………………………… 14,15

    Section 46.15 (a)(1) ………..……………………………… 14

    Section 46.15 (a)(4) ………..……………………………… 14

    Section 46.15 (a)(6) ………..……………………………… 14

    Section 46.15 (a)(7) ………..……………………………… 14

*continued next page*

# INDEX OF AUTHORITIES

**Rules** Page

Texas Rules of Appellate Procedure

Rule 66.3(b) ……………………………………………. 13

Rule 66.3(d) …………………………………………… 13

Rule 68 .……………………………………………. 12

Rule 47.1 …...………………………………………… 22,24

*continued next page*

# INDEX OF AUTHORITIES

**Legal Opinions**                                              Page

Texas Attorney General

    Opinion GA-0106 (2003) …..……………………………          19

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

INTO COURT COMES, ERIC LYNN BAUMGART, the Appellant, who files this Petition for Discretionary Review pursuant to TEX. R. APP. P. § 68 *et seq* through the attorney designated herein and in support of said petition would respectfully show the Court as follows:

## STATEMENT REGARDING ORAL ARGUMENT

1. Appellant requests an opportunity to present oral arguments to address any matter that the Court deems necessary.

## STATEMENT OF THE CASE

2. This case involves the unconstitutionality of the private security laws as they apply to peace officers, the misapplication of these laws by prosecutors, and prosecutorial misconduct.

## STATEMENT OF PROCEDURAL HISTORY

3. The Court of Appeals panel issued an opinion that affirmed four out of five guilty verdicts against Appellant. A copy of the opinion is attached to this petition. *See* Appendix A1. The Court of Appeals panel denied a rehearing and Appellant's

motion for *en banc* hearing was denied on September 24, 2015. The deadline to file a petition for discretionary review was extended to November 25, 2015.

## GROUNDS FOR REVIEW

4.     Two principal issues in this case should be resolved by the Court of Criminal Appeals because these issues directly affect a broad segment of criminal cases statewide, namely:

1.     the application of Section 2.02 of the Texas Penal Code as it relates to statutory exceptions to the law; and

2.     the as-applied unconstitutionality of the Texas Private Security Act as it applies to peace officers.

5.     These issues involve important questions of state law that should be settled by the Court of Criminal Appeals. *See* Tex. R. App. P. § 66.3(b). Also, because the Court of Appeals misconstrued applicable law in reaching its opinion. *See* Tex. R. App. P. § 66.3(d).

6.     A collateral issue that should be addressed is the failure of the Court of Appeals to address every issue raised and necessary in this case.

## ARGUMENT

7.     **The Court of Appeals panel erred in holding that an exception to the**

**law does not need to be negated unless it is literally contained in the section that defines the offense.**

8.     In this case, Appellant was accused of violating the Texas Private Security Act. (RR 5 – 10). *See* Tex. Occ. Code §§ 1702.102 and 1702.108. This Act provides for twelve exceptions to the law. *See* Tex. Occ. Code §§ 1702.321 – 1702.332. An exception to the law excludes a person from criminal liability under special circumstances and the State is required to negate an exception as an element of an offense. *See* Tex. Pen. Code § 2.02.

9.     As an illustration, it is a felony for a person to intentionally, knowingly, or recklessly carry a handgun on property licensed for the sale of alcoholic beverages. *See* Tex. Pen. Code § 46.02. Nowhere in this section did the Texas Legislature provide for an exception to the law. But, in the last part of Chapter 46, the Legislature created an exception for judges and prosecutors with a concealed handgun license. *See* Tex. Pen. Code §§ 46.15(a)(4), (a)(6), and (a)(7).

10.    This same section created an exception that also applies to peace officers. *See* Tex. Pen. Code § 46.15(a)(1). According to the Court of Appeals in the instant case…judges, prosecutors, and peace officers are all subject to immediate arrest and criminal prosecution if caught with a handgun on property licensed for the sale of alcoholic beverages and that the exception provided for under Section 46.15 must be asserted as a defense to the jury at trial. This is absurd.

11.	The Texas Legislature clearly intended to protect judges, prosecutors, and peace officers from being unjustly subjected to criminal prosecution by creating Section 46.15 that was aptly named "Nonapplicability". Likewise, the Legislature intended to protect innocent people from being unjustly subjected to criminal prosecution by creating Subchapter N of the Texas Private Security Act that was aptly named "Exceptions". *See* Tex. Occ. Code § 1702.321 *et seq.*

12.	No matter the case law cited by the State, the Trial Court, or the Court of Appeals, an exception to the law created by the Legislature is an exception that must be negated in the charging instrument and at trial; and, it does not matter what kind of burden it imposes on the State. To say that the government can choose and ignore laws simply to get a conviction is openly saying that our community has no laws.

13.	Bad legislation must be struck down in favor of the accused otherwise innocent people and our community suffers. The 1977 Texas Court of Criminal Appeals case *Threlkeld v. State* has been misapplied to relieve the State of its duty to negate exceptions to the law. *See Threlkeld v. State*, 558 S.W.2d 472 (Tex.Crim.App. 1977). A line of cases following *Threlkeld* have usurped legislative power by changing exceptions to defenses. *See* Opin. at 6.

14.	In the instant case, Appellant was a commissioned peace officer at the time he was accused of violating the Texas Private Security Act. As previously stated,

this Act provides for twelve distinct exceptions to the law. *See* Tex. Occ. Code §§ 1702.321 – 1702.332. Like the previous illustration, these exceptions were not contained in the section that provided for the offense; but, like the previous illustration, these exceptions were required to be negated.

15.  A plain reading of the indictments against Appellant shows that no exceptions to the Texas Private Security Act were negated or even mentioned. (CR 1 – 11 [14-14-00307-CR]; CR 1 – 11 [14-14-00308-CR]; CR 1 – 10 [14-14-00309-CR]; CR 1 – 10 [14-14-00310-CR]). Appellant objected to this at numerous stages of the criminal prosecution, but the Trial Court overruled the objections. (RR 2 – 14; RR 6 – 6; RR 6 – 126).

16.  Further, the Trial Court allowed the State to present one of the twelve exceptions of its liking to the jury and in the jury charge. (CR 1 – 511). *See* Tex. Occ. Code § 1702.322. The State was allowed to choose and ignore which laws it wanted the jury to hear while Appellant was denied addressing the other exceptions to the law provided for in the Texas Private Security Act. These are issues that should have been resolved by the Court of Appeals.

17.  **The Court of Appeals panel erred by failing to resolve the constitutionality of Section 1702.322 of the Texas Occupations Code as it applies to peace officers.**

18.  The Texas Private Security Act enumerates twelve statutory exceptions to

the law. *See* Tex. Occ. Code §§ 1702.321 – 1702.332. One of these sections relates

to law enforcement personnel and this section was central to the instant case. *See*

Tex. Occ. Code §1702.322. This exception reads in verbatim:

This chapter does not apply to:

(1)     a person who has full-time employment as a peace officer and who receives compensation for private employment on an individual or an independent contractor basis as a patrolman, guard, extra job coordinator, or watchman if the officer:

(A)     is employed in an employee-employer relationship or individual contractual basis:

(i)     directly by the recipient of the services; or

(ii)     by a company licensed under this chapter;

(B)     is not in the employ of another peace officer;

(C)     is not a reserve peace officer; and

(D)     works as a peace officer on the average of at least 32 hours a week, is compensated by the state or a political subdivision of the state at least at the minimum wage, and is entitled to all employee benefits offered to a peace officer by the state or political subdivision;

(2)     a reserve peace officer while the reserve officer is performing guard, patrolman, or watchman duties for a county and is being compensated solely by that county;

(3)     a peace officer acting in an official capacity in responding to a burglar alarm or detection device; or

(4)     a person engaged in the business of electronic monitoring of an individual as a condition of that individual's community supervision, parole, mandatory supervision, or release on bail,

> if the person does not perform any other service that requires a license under this chapter.

*    *    *

This section is rife with conflict and ambiguity.

19.    On March 11, 2014 the director of the Texas Department of Public Safety-Private Security Bureau testified at Appellant's trial that each county can interpret the Texas Private Security Act the way it wants to and that it is possible to have 254 different interpretations – one for each county in Texas. (RR 5 – 48). To have more than one interpretation of the law is contrary to our principle of law; much less 254 different interpretations.

20.    In the instant case, Appellant was arrested at gun point, jailed in full police uniform, and criminally prosecuted for performing traffic control duties on an interstate highway as a peace officer. (RR 5 – 10; RR 7 – 28; CR 1 – 10). Appellant was found guilty by a jury, but later acquitted by the Court of Appeals. *See* Opin. at 4. The vagueness of this Act encourages arbitrary and discriminatory enforcement; and, this ruins the lives of innocent people and their families.

21.    The sole purpose of the Texas Private Security Act is to protect the community from strangers providing vital security services; not to regulate commissioned peace officers providing public safety. More to point, private security guards and peace officers are mutually exclusive of each other. A private security guard cannot enforce state laws and a security guard cannot act beyond the

scope of the property being guarded.

22. A private security guard has no more rights or authority than an ordinary citizen. The duty of a peace officer is to enforce state laws and to make arrests for crimes committed in their presence. This duty exists at all times, no matter whether the peace officer is on duty or off duty and no matter if the peace officer is full-time, part-time, or reserve. *See* Tex. Att'y. Gen. Opin. GA-0106 (2003). It is this latter classification that is being exploited to monopolize private security.

23. Section 1702.322 of the Texas Occupations Code attempts to define full-time employment as a matrix to discriminate certain peace officers from competing in off-duty private security services. According to this section, only peace officers who work an "average of at least 32 hours a week" as a peace officer may provide off-duty private security services without a private security guard license. But, this section does not define the factor to establish the average.

24. It is unknown if "at least 32 hours a week" is averaged by the week, by the month, by the year, or by some other factor. Mathematically an average is solely depended on the amount it's divided by and this factor does not exist in Section 1702.322. Next, this section requires a peace officer to earn at least "minimum wage" as a peace officer. This term is also open for disparate interpretation because a minimum wage can vary under Texas law.

25. In Texas, a state or local government entity may establish a minimum wage

lower than the minimum wage established under the federal Fair Labor Standards Act. *See* Tex. Lab. Code § 62.0515(c). Under Section 62.0515(c), a person may contract with a government entity to provide police services for a wage lower than the federal minimum wage and the Texas Private Security Act does not address this circumstance.

26. Next, Section 1702.322 states that "a reserve peace officer" is not protected by the "law enforcement" exception to the Texas Private Security Act; but, nowhere in this section or the Act is the term "reserve peace officer" defined. *See* Tex. Occ. Code § 1702.002. In Texas, a difference exists between a reserve *license* and a reserve *commission* and the Texas Private Security Act is completely silent as to whether the law applies to a license, commission, or both.

27. Notably, the Act does define a "peace officer" as "a person who is a peace officer under Article 2.12, [Texas] Code of Criminal Procedure". *See* Tex. Occ. Code § 1702.002(15). Under Article 2.12 all peace officers, including reserves, are equal under the law and pay, benefits, duties, and work schedules are not factors. Further, at present, all peace officers must meet the same stringent basic training and background checks – far more stringent than any security guard.

28. It is clear that the Texas Legislature intended to exclude peace officers from regulation under the Texas Private Security Act. In the instant case, Appellant was a Master Texas peace officer who protected a church charity. Appellant was not

employed to enforce private property rules, but rather to enforce state law in the event a crime occurred. (RR 5 – 64; RR 5 – 67). Appellant's duty and authority would not have changed whether being on-duty or off-duty.

29. All enforceable laws must be unambiguous. A statute is void for vagueness if it fails to give a reasonable person of ordinary intelligence fair notice of the conduct prohibited or if it is so indefinite that it encourages arbitrary and discriminatory enforcement. *See McMillian v. State*, Docket No. 14-11-00833-CR at 7 (Tex.App.-Houston [14th Dist.] 2012) (unpublished) (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)).

30. The *Kolender* opinion was adopted by the Court of Criminal Appeals in 1984. *See Clark v. State*, 665 S.W.2d 476, 482 (Tex.Crim.App. 1984) (*en banc*)). In the instant case, the director of the Texas Department of Public Safety-Private Security Bureau testified that private security laws can be interpreted differently in each of the 254 counties. This kind of open interpretation of the law is contrary to the structure of laws in our community.

31. If local police and prosecutors cannot distinguish whether traffic control is regulated by the Texas Private Security Act then how is an ordinary person supposed to understand what is regulated? In the instant case, Appellant was either mistakenly arrested and convicted based on incompetence of the prosecutors *or* Appellant had been targeted for malicious prosecution. The latter being the truth,

the private security laws are being abused by the government.

32.    **The Court of Appeals panel failed to address every issue *raised* by Appellant to final disposition and this failure unjustly injured Appellant's procedural rights.**

33.    The Court of Appeals is required to deliver an opinion on every issue *raised* to final disposition of the appeal. *See* Tex. R. App. P. § 47.1. In this case, the Court of Appeals panel failed to deliver an opinion explaining why it believed a *prima facie* case could be made against Appellant with regards to the third appellate issue. *See* Opin. at 5.

34.    The panel cited *McClain v. State* as authority that an exception to the law created by the Legislature metamorphoses into a defense when a *prima facie* case can be made. *McClain v. State*, 14-97-00355-CR, 1997 WL 312309, at *1-2 (Tex.App.-Houston [14th Dist.] June 12, 1997, pet. ref'd) (mem. op.) (not designated for publication). *See* Opin. at 5. As previously discussed, *McClain* and all other cases that hold this opinion usurp legislative power.

35.    A *prima facie* case could never be made when a jury is denied knowledge that exceptions to the law exist. Or, when a jury is only given knowledge of certain exceptions and not others. In the instant case, the panel wholly failed to describe how the facts of Appellant's case were so convincing of guilt that it would have been a waste of time for the State to burden the jury with all of the exceptions to

the law that the Legislature deemed important.

36.     More to point, Appellant's principal complaint was that the indictment itself should have been quashed because the exceptions were not negated. The charging instrument defines how a defense is prepared. Here, the panel is saying that exceptions must be negated <u>unless</u> a *prima facie* case is obvious to the State and that a *prima facie* case can be established after-the-fact.

37.     This makes no sense. It is impossible to know if a *prima facie* case exists until a trial has occurred. There would be no need for a trial if guilt was established by a *prima facie* case presented by the State. Only one of twelve exceptions to the law was presented to the Jury which prevented Appellant from showing that other exceptions to the law also applied to him.

38.     Where sufficiency of the evidence is under appellate consideration the standard of review is that evidence in the record is to be considered most favorable to the verdict. See *Jenkins v. State*, 454 S.W.3d 713 (Tex.App.-Corpus Christi 2015). In the instant case, Appellant stood trial on five counts of violation of the Texas Private Security Act and the Jury found him guilty of all five counts.

39.     Afterwards, the Court of Appeals panel acquitted Appellant on one count and affirmed the other four. *See* Opin. at 2. In affirming the other four, the panel said it was impossible for the jury to reach a guilty verdict in one case and at the same time the panel said that it was "highly unlikely" that a guilty verdict on the

- 23 -

other four charges could not be reached. *See* Opin. at 11. If the Jury reached the wrong verdict in one case then it is not reasonable to believe the other four verdicts were correct.

40. Appellant is entitled to an opinion by the Court of Appeals on all issues raised in the original brief and, absent acquittal, Appellant requests that these cases are remanded for an opinion that complies with the Texas Rules of Appellate Procedure and the interests of justice.

41. **The Court of Appeals panel failed to address every issue *necessary* to final disposition of the appeal and this failure unjustly injured Appellant's procedural rights.**

42. The Court of Appeals is required to deliver an opinion on every issue *necessary* to final disposition of the appeal. *See* Tex. R. App. P. § 47.1. In this case, the Court of Appeals panel failed to consider unassigned error. Rule 47.1 distinguishes between issues *raised* and issues *necessary* by way of conjunctive adverb. This language is not only a plain reading, but it was a conscious distinction made when the Rules were established.

43. Appellant does not dispute that an appellate court has discretion to consider unassigned error as a matter of historical precedent. *See Carter v. State*, 656 S.W.2d 468 (Tex.Crim.App. 1983). What is argued is whether an appellate court may consciously disregard evidence showing an appellant's innocence. The

purpose of trial courts is to ensure justice is done and the purpose of the courts of appeal is to ensure the trial courts acted justly.

44.     Innocent people and our community suffer if these legal processes fail. Our judicial process relies on the elected and appointed judges and the rulings of these judges have profound consequences to individuals, families, and the community. Judges are supposed to be the gatekeeper of justice; and, accordingly, a judge who recognizes an injustice has a duty to stop the injustice. This is both an imposed and perceived duty of a judge.

45.     In the instant case, Appellant relied on a court appointed attorney who failed to raise all points of error. This attorney was discharged and unassigned error was submitted to the Appellate Court panel that showed Appellant's innocence. This unassigned error was summarily ignored. The judicial process was not intended to herd the accused like cattle – it was designed to ensure that a person accused is afforded just due process.

## PRAYER FOR RELIEF

46.     Appellant requests the Court of Criminal Appeals to grant a full review of these cases with briefs and arguments necessary for consideration. After consideration, Appellant requests the Court to vacate the guilty verdicts in these

cases or to remand these cases for a new trial with instructions that a fair trial is allowed to be presented to the jury.

47. Appellant further requests the Court to grant all other relief that he is entitled to at law or in equity.

Respectfully submitted by:

_____

**Michael D. Gillespie**
Texas Bar Card No. 07926500
226 Sheldon Road
Channelview, Texas 77530
Tel. 281-457-9999
Fax. 281-457-0990
Email: 226sheldon@gmail.com

*Attorney for*:
Eric Lynn Baumgart
Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, it is certified that this document contains 3,189 words, as counted by word processor software, for included sections as defined under Rule 9.4(i)(1) and that it is compliant with Rule 9.4(i)(3)(D).

# CERTIFICATE OF SERVICE

Pursuant to Rule 9.5(d) of the Texas Rules of Appellate Procedure, it is certified that a true copy of these papers were served on the following parties:

**State Prosecuting Attorney**
PO Box 13046
Austin, Texas 78711
Via: *Email to lisa.mcminn@spa.texas.gov*

**Harris County District Attorney**
Appellate Division
1201 Franklin Street, Suite 600
Houston, Texas 77002
Via: *Email to curry_alan@dao.hctx.net*
     *Email to mccrory_daniel@dao.hctx.net*

**Texas Attorney General**
General Litigation Division
PO Box 12548
Austin, Texas 78711-2548
Via: *Email to const_claims@texasattorneygeneral.gov*

Pursuant to Rule 9.3(b)(2) of the Texas Rules of Appellate Procedure, it is certified that paper copies of each document electronically filed was mailed to the Clerk for the Court of Criminal Appeals of Texas.

_____
**Michael D. Gillespie**
Texas Bar Card No. 07926500



No. PD-1358-15
No. PD-1359-15
No. PD-1360-15
No. PD-1361-15

## In the Court of Criminal Appeals of Texas

Appeal from the Fourteenth Court of Appeals of Texas
No. 14-14-00307-CR
No. 14-14-00308-CR
No. 14-14-00309-CR
No. 14-14-00310-CR

## Eric Lynn Baumgart
*Appellant*

versus

## The State of Texas
*Appellee*

## APPENDIX A1

**Affirmed in Part; Reversed and Rendered in Part and Opinion filed June 30, 2015.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-14-00306-CR**
**NO. 14-14-00307-CR**
**NO. 14-14-00308-CR**
**NO. 14-14-00309-CR**
**NO. 14-14-00310-CR**

---

**ERIC L. BAUMGART, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 6**
**Harris County, Texas**
**Trial Court Cause Nos. 1909495, 1909496, 1909497, 1909498, and 1909499**

---

## O P I N I O N

A jury convicted appellant Eric L. Baumgart of five counts of violating the Private Security Act. *See* Tex. Occ. Code Ann. §§ 1702.102 & 1702.108 (West 2012 & Supp. 2014). For each offense, the trial court assessed punishment at

confinement for one year in the Harris County Jail, probated for two years. Appellant filed a timely notice of appeal in each case. We affirm in part and reverse and render in part.

## SUFFICIENCY OF THE EVIDENCE

In his first and second issue, appellant claims the evidence is legally insufficient to support his conviction in trial court cause number 1909495 on two grounds. The record reflects this offense arose from appellant acting as a guard for a construction zone on US 59. The first ground regards the allegation that appellant acted as a guard on a contractual basis for Alejandro Lopez. The second ground concerns the allegation that appellant acted as a guard on private property.[1]

In this case, the indictment alleged appellant "did then and there unlawfully, intentionally or knowingly act as a guard company by engaging in the business of a guard on a contractual basis for another person, namely ALEJANDRO LOPEZ to prevent, observe or detect unauthorized activity on private property, without holding a license as a security services contractor." Appellant's first issue contends there is no evidence that he engaged in the business of a guard on a contractual

---

[1] "A person acts as a guard company for the purposes of this chapter if the person employs an individual described by Section 1702.323(d) or engages in the business of or undertakes to provide a private watchman, guard, or street patrol service on a contractual basis for another person to:

(1) prevent entry, larceny, vandalism, abuse, fire, or trespass on private property;

(2) prevent, observe, or detect unauthorized activity on private property;

(3) control, regulate, or direct the movement of the public, whether by vehicle or otherwise, only to the extent and for the time directly and specifically required to ensure the protection of property;

(4) protect an individual from bodily harm including through the use of a personal protection officer; or

(5) perform a function similar to a function listed in this section."

Tex. Occ. Code Ann. § 1702.108 (West 2012).

basis for Alejandro Lopez. Appellant's second issue argues there is no evidence he acted as a guard on private property. We begin with appellant's second issue.

Evidence was introduced that Alejandro Lopez was supervising the construction crew doing repairs on a bridge on US 59. Lopez worked for Main Lane Industries, a subcontractor for the Texas Department of Transportation ("TxDot"). Lopez testified the portion of US 59 that was under repair is not private property. He also testified the public did not have access to the part of the highway being repaired. Deputy John E. Clay of the Harris County Sheriff's Office testified the public did not have access to that area of the road because it was "marked off" with barrels but stated it is "public roadway" and agreed it is not private property. Investigator Kirk Bonsal with the District Attorney's Office also testified the public was not able to access the part of the road within the traffic cones. Adam Galland, the Assistant Area Engineer at the North Harris County Area Office for TxDot, testified lanes are closed to "keep the public out."

The State argues that since the area in question was cordoned-off with barrels and a security guard was present to keep the public out, that section of the roadway was a private area. The State asserts that if an area falls outside the definition of "public place" in the Texas Penal Code, it is private property. *See* Tex. Pen. Code Ann. § 1.07(a)(40) (West Supp. 2014). Although the definition of "public place" expressly includes highways, the State argues it was private because it was not accessible to the public. The State cites two cases in support of its argument. In *State v. Gerstenkorn*, 239 S.W.3d 357, 359 (Tex. App.—San Antonio 2007, no pet.), the court concluded a gated community was a public place as defined by the penal code.

> The penal code defines "public place" as any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools,

3

> hospitals, apartment houses, office buildings, transport facilities, and shops. Tex. Pen. Code Ann. § 1.07(a)(40) (Vernon Supp. 2006). The definition of public place is cast in broad language. *Shaub v. State*, 99 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, no pet.); *State v. Nailor*, 949 S.W.2d 357, 359 (Tex. App.—San Antonio 1997, no pet.). The relevant inquiry is whether the public has access to the place. *Shaub*, 99 S.W.3d at 256; *Loera v. State*, 14 S.W.3d 464, 467–68 (Tex. App.—Dallas 2000, no pet.). The definition of public place is open–ended and leaves discretion to the courts to expand its parameters where appropriate. *Loera*, 14 S.W.3d at 467.

*Id*. at 358-59. In *Shaub v. State*, 99 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, no pet.), the court similarly concluded a marina was a public place noting "the entire marina area appears to be accessible to anyone who wants to use it."

These cases are illustrative of what is a public place but we disagree that any area that is temporarily closed off within a public place becomes private property. The penal code expressly states a public place includes highways and there is no limitation in the statute for a partial and temporary closure. The State cites no authority, and we are aware of none, supporting its premise that a public place is converted into private property when a portion of it is temporarily closed to public access.

Because the alleged offense did not occur on private property, a rational trier of fact could not have found all the elements of the offense beyond a reasonable doubt. Accordingly, appellant's second issue is sustained and the judgment of the trial court in trial court cause number 1909495 is reversed and a judgment of acquittal is entered. In light of this, we need not address appellant's first issue.

**DENIAL OF MOTIONS TO QUASH**

In his third issue, appellant claims the trial court erred in denying his motions to quash the indictments on the grounds the State failed to negate an exception to the charged offense. In light of our disposition of appellant's second issue, we only consider this issue as to the remaining offenses.[2]

The prosecuting attorney must negate the existence of an exception in the indictment of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception. *See* Tex. Pen. Code. Ann. § 2.02 (West 2011). Generally, where a penal statute embraces an exception which is part of the statute itself, the State must negate the exception in the charging instrument. *McElroy v. State,* 720 S.W.2d 490, 493 (Tex. Crim. App. 1986). *See also Hicks v. State*, 18 S.W.3d 743, 744 (Tex. App.—San Antonio 2000, no pet.). This rule applies to penal statutes included in the civil statutes as well as exceptions to criminal conduct in the penal code. *McElroy v. State*, 720 S.W.2d at 492. Failing to negate an exception is the same as failing to allege an essential element of the offense and renders the indictment void. *Id.*

"Where an exception is in a separate section from the provision that states the offense and a prima facie case can be made without proof negating the exception, it is not an essential requirement that it be negated in the information or complaint." *McClain v. State*, 14-97-00355-CR, 1997 WL 312309, at *1-2 (Tex. App.—Houston [14th Dist.] June 12, 1997, pet. ref'd) (mem. op.) (not designated for publication) (citing *American Plant Food Corp. v. State*, 508 S.W.2d 598, 604-05 (Tex. Crim. App. 1974); and *Bragg v. State*, 740 S.W.2d 574, 576 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd)). The exception for law enforcement personnel

---

[2] These offenses all arose from appellant's work as a security guard for Humble Bingo Unit Trust.

is in a separate section from the provision stating the offense — "Subchapter N. Exceptions" of "Chapter 1702. Private Security." *See* Tex. Occ. Code Ann. § 1702.322 (West 2012 & Supp. 2014). A prima facie case of acting as a security services contractor without a license can be made without proof negating the exception. *See id.* Therefore, the State was not required to negate the exception in the indictments and the trial court did not err in denying the motions to quash. Appellant's third issue is overruled.

## ERROR IN THE COURT'S CHARGE

Appellant's fourth and final issue contends there was error in the court's charge. In light of our disposition of appellant's second issue, we only consider this issue as to the remaining offenses.

Appellant argues the trial court erred in failing to apply the law regarding law enforcement personnel to the facts of the case, *see* Tex. Occ. Code Ann. § 1702.322, and in failing to instruct the jury that a reasonable doubt on the issue required acquittal. Appellant's initial arguments are premised upon this court first finding section 1702.322 is a defensive issue, not an exception. As noted above, section 1702.322 is an exception to the offense. Appellant later asserts that regardless of whether section 1702.322 is an exception or a defense, the trial court was obligated to include an application paragraph in connection with that section. We will consider whether the trial court erred in not applying the law regarding the law enforcement exception to the facts of the case in the charge given to the jury.

The abstract portion of the jury charge defines the charged offense as follows:

> It is unlawful for any person to engage in the business of, or to perform any service as a guard company, or to offer his services in such capacities or engage in any

> business or business activity required to be licensed by the Texas Private Security Act, unless the person holds a license as a security services contractor.

The abstract portion of the charge also provides a description of section 1702.322's law enforcement personnel provision:

> It is not a violation of the Private Security Act for a person who has full-time employment as a peace officer, to receive compensation for private employment on an individual or independent contractor basis as a guard, if the officer:
>     (A) is employed in an employee-employer relationship or is employed on an individual contractual basis;
>     (B) is not in the employ of another peace officer;
>     (C) is not a reserve officer; and
>     (D) works as a peace officer on average at least 32 hours a week, is compensated by the state or political subdivision of the state at the rate of minimum wage or higher, and is entitled to all employee benefits offered to a peace officer by the state or political subdivision.

Following the abstract section of the jury charge, the application paragraph states:

> Now, therefore, if you believe from the evidence beyond a reasonable doubt that…the defendant, ERIC L. BAUMGART, did then and there unlawfully, intentionally or knowingly act as a guard company by engaging in the business of a guard on a contractual basis for another person…to prevent, observe or detect unauthorized activity on private property, without holding a license as a security services contractor, then you shall find the defendant guilty.

The charge further instructed the jurors that:

> The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.
>
> . . .
>
> The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

An application paragraph encompassing the exception could have read as follows:

> Now, therefore, if you believe from the evidence beyond a reasonable doubt that on or about November 17, 2012, the defendant, ERIC BAUMGART, did then and there unlawfully, intentionally, or knowingly act as a guard company by engaging in the business of a guard on a contractual basis for another person to prevent observe or detect unauthorized activity on private property, without holding a license as a security services contractor, and further find beyond a reasonable doubt that: the defendant did not work as a peace officer on the average of at least 32 hours a week or; that the defendant was not compensated by the state or a political subdivision of the state at the rate of the minimum wage or higher or; that the defendant was not entitled to all employee benefits offered to a peace officer by the state or a political subdivision, then you shall find the defendant guilty.

We can find no authority, nor have the parties cited any authority, that stands for the proposition that the failure to include an application paragraph regarding a statutory exception to an offense is error. We will assume without deciding that

8

there was in fact error. At the outset, we note that there was no objection to the court's charge. Therefore, any harm must be egregious to require reversal. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). An egregious harm analysis considers: (1) the entire jury charge; (2) the state of the evidence including the contested issues and the weight of the probative evidence; (3) the arguments of the parties; and (4) any other relevant information revealed by the record of the trial as a whole. *Id*. Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Id*. Egregious harm is a difficult standard to prove. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

Regarding the initial factor, a review of the entire jury charge indicates any error did not result in egregious harm. The "law enforcement personnel" issue was not presented in the application paragraph. However, it was explained in detail in the abstract section of the jury charge. A proper recitation of the law in the abstract section of the charge minimizes error in the application paragraph. *Nava v. State*, 415 S.W.3d 289, 298 n.21 (Tex. Crim. App. 2013).

The application paragraph contained in the charge instructed jurors to find appellant guilty only if he "unlawfully" acted as a guard without a license. The jury was required to find appellant was not a law enforcement officer before finding him guilty of the offense. A review of the entire charge indicates appellant was not egregiously harmed by any error.

The second factor looks at the state of the evidence. In determining whether egregious harm occurred with regard to an error relating to an exception, we must consider the plausibility of the evidence raising the exception. *Villarreal v. State*, 453 S.W.3d 429, 436 (Tex. Crim. App. 2015). We conclude the evidence negating the exceptions for law enforcement personnel was strong.

9

To negate an exception under this statute, the State was required to prove that appellant: (1) did not work as a peace officer at least 32 hours per week on average; (2) was not compensated by a rate equal to minimum wage at least; and (3) was not entitled to all employee benefits offered to a peace officer. Tex. Occ. Code Ann. § 1702.322(1) (West 2012). Chad Pafford[3] testified on behalf of appellant that he worked more than 32 hours per week on average. However, on cross examination by the State, Pafford admitted there was no documentation to support this claim. Pafford stated that appellant worked on "the honor system." The Liberty County Treasurer, Kim Harris, testified on behalf of the State that appellant was never a paid employee of Liberty County.

As to the minimum-wage requirement, Pafford stated that appellant never received a paycheck while working as a full-time officer for nearly two years. Pafford testified that appellant's sole compensation was the use of a "take-home patrol car" and the use of unspecified "county equipment." Pafford considered the value of the use of these items to be more than minimum wage. The car was a 2000 Ford Crown Victoria with approximately 260,000 miles. Pafford did not report this "compensation" to the Liberty County Tax Assessor, the IRS, or any other taxing authority.

With regard to the benefits requirement, Harris stated that county employees, including law enforcement personnel, are offered various county benefits. Her office maintains files for workmen's compensation benefits for all county employees. There was no record of appellant receiving any benefits.

On the whole, the State's evidence regarding the exception for law enforcement personnel was strong. First, there was no documentation to support that appellant worked 32 hours per week on average. Furthermore, Pafford's

_____

[3] Pafford was the elected constable who gave appellant a job.

10

reliance on "the honor system" reflects that he did not verify appellant's work hours. The record demonstrates that Pafford did not have actual knowledge of the amount of hours worked by appellant.

Next, there is no evidence that appellant was paid at least minimum wage. Appellant received no pay at all. The record reflects no evidence was presented regarding what minimum wage was at the time of the offense or the value of appellant's use of the county car and other county equipment.

As to the next requirement, Pafford testified on cross examination by the State that he did not know if appellant was entitled to all the benefits offered by Liberty County. Pafford's belief that appellant was entitled to receive workmen's compensation benefits was contradicted by Harris and her knowledge of the Liberty County personnel files.

Given the overall state of the evidence, it is highly unlikely the jury could have found that the State failed to negate any of the exceptions under the law enforcement personnel exception to the statute. Additionally, the State brought forth evidence that appellant was not a full-time officer (as required under section 1702.322). At the time of his arrest at the Lopez construction site, he possessed an unexpired identification card that identified him as a *reserve* officer for the Liberty County Constable. The state of the evidence demonstrates that any possible error relating to the omission of the exception for law enforcement personnel in the application paragraph of the charge did not result in egregious harm.

We must also consider whether egregious harm occurred as a result of jury charge error in light of the parties' arguments. The record reflects that both parties addressed the exception for law enforcement personnel and applied that statutory law to the facts of the case. Appellant argued that the State failed to

11

prove that he was not a full-time police officer. The State argued in closing that they had proved that he was a reserve officer and alternatively that he did not meet the three requirements. From the arguments the jury would have understood that the burden was on the State to negate the exception. Therefore, the record clearly demonstrates that the jury received information applying the law to the facts despite any error in the jury charge's application paragraph. Given the foregoing analysis, we conclude the error, if any, did not cause appellant egregious harm. Accordingly, we overrule appellant's fourth issue.

## CONCLUSION

For the reasons set forth above, we reverse the judgment of conviction in trial court cause number 1909495 and render a judgment of acquittal. The judgments in trial court cause numbers 1909496, 1909497, 1909498, and 1909499 are affirmed.


/s/ Marc W. Brown
Justice


Panel consists of Justices Christopher, Brown, and Wise.
Publish — Tex. R. App. P. 47.2(b).

# Challenge to Constitutionality of a State Statute

This form must be completed by a party filing a petition, motion or other pleading **challenging the constitutionality of a state statute**. The completed form must be filed with the court in which the cause is pending as required by Section 402.010 (a-1), Texas Government Code.

**Cause Number** *(For Clerk Use Only):*                    **Court** *(For Clerk Use Only):*

Styled: Eric Lynn Baumgart v. The State of Texas

(e.g., John Smith v. All American Insurance Co.; in re Mary Ann Jones; In the Matter of the Estate of George Jackson)

**Contact information for party* challenging the constitutionality of a state statute.** (**If party is not a person, provide contact information for party, party's representative or attorney.)*

Name: Michael D. Gillespie                    Telephone: 281-457-9999

Address: 226 Sheldon Road                    Fax:        281-457-0990

City/State/Zip: Channelview, TX 77530         State Bar No. (if applicable): 07926500

Email: 226sheldon@gmail.com

Person completing this form is:    ☒ Attorney for Party  ☐ Unrepresented Party  ☐ Other:

**Identify the type of pleading you have filed challenging the constitutionality of a state statute.**

☐  Petition      ☐  Answer      ☒  Motion (Specify type):  Petition for Discretionary Review
☐  Other:

**Is the Attorney General of the State of Texas a party to or counsel in this cause?**

☐  Yes   ☒  No

**List the state statute(s) being challenged in your pleading and provide a summary of the basis for your challenge.** (Additional pages may be attached if necessary.)

All provisions of the Texas Private Security Act, as codified under Chapter 1702 of the Texas Occupations Code, that regulate a Texas peace officer working private extra-employment under the authority of Article 2.12 of the Texas Code of Criminal Procedure.